### Richmond.

CITY OF LYNCHBURG V. WALLACE.

MARCH 17, 1898.

Absent, Cardwell, J.

1. CITY STREETS—*Obstructions—Snow and Ice—Negligence—Duty of Passenger.*—If a city negligently permits its sidewalks to become obstructed by the accumulation thereon of snow and ice, and, after notice thereof, fails to use due care to remove such obstruction, and in consequence thereof, a traveller is injured, the city is liable in damages for such injury, provided the traveller exercised ordinary care, under all the circumstances, to avoid the negligence of the city.

2. CITY STREETS—*Defects—Notice—Reasonable Time to Repair.*—A city is entitled to a reasonable time after the discovery of a defect in its sidewalks, within which to remove or remedy the same, and is not liable for injuries resulting from such defect before that time.

3. CITY STREETS—*Defective Sidewalks—Action for Personal Injuries—Province of Jury.*—In an action by a traveller against a city for a personal injury resulting from a defective sidewalk, it is for the jury to determine, upon the circumstances of the particular case, whether the traveller, who previously had knowledge of the defect, had the right to assume that the defect had been remedied, or the city was negligent in having failed to do so. It is error in the trial court to give instructions which invade the province of the jury in these particulars.

Error to a judgment of the Corporation Court of the city of Lynchburg, rendered September 21, 1896, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Wilson & Manson* and *J. Singleton Diggs*, for the plaintiff in error.

*Harrison & Long*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

On the 6th day of February, 1895, the defendant in error, while passing down one of the streets of the city of Lynchburg, slipped and fell, breaking her left arm. The street at the scene of the accident was covered with ice two or three inches thick, formed by the freezing of water which flowed from the gutter of an adjacent house. The defendant in error, as appears by her own testimony, had, four or five days before, seen this accumulation of ice on the sidewalk, and avoided it by going on the other side of the street, but, at the time of the accident, the ice was concealed by a thin covering of recently fallen snow, and the defendant in error seeing nothing, as she says, to warn her of danger, walked down the street at her usual gait, supposing it to be in a safe condition. She brought suit in the Corporation Court to recover damages for the injuries sustained, and the jury found a verdict in her favor for $1,650. The city moved for a new trial, which was refused, and thereupon it applied for a writ of error to this court.

The errors assigned are to the rulings of the trial court in giving certain instructions of its own motion, and in refusing certain instructions asked for by the plaintiff in error; and the refusal of the court to set aside the verdict.

No controversy is made over the refusal of the court to give the first instruction asked for by the defendant, it being conceded that it is sufficiently covered by the first instruction given by the court; but the plaintiff in error insists that the court erred in refusing to give the four following instructions:

"II. The jury are further instructed that the slippery condition of the sidewalks or crossings, from ice, snow, or mud, cannot at all times and under all circumstances be successfully guarded against, and when there is snow or ice upon the sidewalk, and it is rendered slippery at such times, there is imposed upon foot travellers the necessity of exercising increased care, and if the plaintiff did not exercise this care, then you will find for the defendant city."

"III. The court further instructs the jury that if they believe from the evidence that the plaintiff, Nora Wallace, knew of the condition of the sidewalk on Eighth street, prior to the day of the accident, and had avoided the same, as being dangerous, and passed on the other side of said Eighth street, and afterwards voluntarily went upon the same, when she might have avoided it as before, slipped and fell, and broke her arm, then she cannot recover in this action, and you will find for the defendant city."

"IV. The court further instructs the jury that a municipal corporation is not required to respond in damages for every injury that may be received on a public street; and, before a recovery can be had, it must appear from the whole testimony that the person injured used, under all the circumstances, ordinary care to avoid the danger; nor is the city required to have its sidewalks so constructed as to secure absolute immunity from danger in using them."

"V. The court further instructs the jury that, if they believe from the evidence that the melting of snow on the adjoining building on Eighth street was followed by severe cold and freezing weather, which caused the sidewalk on Eighth street to be covered with ice, making the same slippery and dangerous, the city of Lynchburg was not required to see to its removal at once, but might, without liability or negligence, await a thaw to remedy the evil, and if you believe from the evidence that during this cold spell, the plaintiff failed to exercise ordinary care, and could have avoided the same by going upon the opposite side of the street, then you will find for the defendant city."

Section 1006 of Dillon on Mun. Corp. (4th ed.) is cited as authority for the foregoing propositions, and, as mere statements of the law disassociated from the particular facts of the case, their correctness may be conceded; but, as is wisely remarked in the same section, by the eminent author just cited, "each case must depend upon its exact facts, and the foregoing general principles must be understood and applied in the light   *   *   *   * of the circumstances of the particular case."

We are of opinion that as applied to the facts of the case 'under investigation these instructions would rather have served to mislead than to aid the jury in reaching a correct conclusion.

The court, in lieu of them, instructed the jury as follows:

"1. The court instructs the jury that it is the duty of the defendant city to keep its sidewalks in a reasonably safe condition, and free from defect and obstruction, dangerous to persons passing along the same with ordinary care, but said defendant is not liable for accumulation of ice or snow on the sidewalks which produce mere slipperiness, and have not been allowed to become uneven or rounded as to amount to an obstruction, and, if the jury believe from the evidence that the plaintiff was injured by reason of slipping and falling on ice or snow which had not accumulated so as to form an obstruction, they must find for the defendant.

"But if the jury believe from the evidence that the injury complained of was caused from the defendant negligently allowing ice and snow so to accumulate on its sidewalk as to become uneven and rounded, thus to become an obstruction, and after notice of that condition permitted the same to remain without using due care to remove or remedy the said obstruction, they must find for the plaintiff.

"That the defendant city has notice of a defect by acutal notice to officers having supervision over its streets, and is conclusively presumed to have notice of the defect when the same has remained such a length of time, that by the exercise of ordinary diligence it could have discovered said defect."

This instruction is correct as far as it goes, but at the conclusion of the second paragraph the court should have added: "Provided they believe from the evidence that the plaintiff exercised ordinary care under all the circumstances to avoid the consequences of such negligence on the part of the defendant." With that addition it would have been a sufficient exposition of the law of negligence as applied to the facts of this case, and would have enabled the jury to arrive at a just conclusion.

The second instruction given by the court is in the following language:

"2. The court further instructs the jury that the defendant was entitled to a reasonable time, after the discovery of the defect, to remove and remedy the same, and if the jury shall believe from the evidence that the sidewalk was in a defective condition as above set forth, and that, by reason of its recentness, and the condition of the weather, it had not had reasonable time to remove the same, they must find for the defendant." This instruction correctly defines the duty of the defendant in the matter to which it refers, and is free from objection.    See Dillon on Mun. Corp., sec. 1006.

The third instruction given by the court is as follows:

"3. The court further instructs the jury that if, previous to the accident, the plaintiff knew that there was ice ahead of her, and then took the risk of passing over it safely, she cannot recover, unless she used [that] care and caution which a person of ordinary prudence would exercise with a knowledge that there was some ice there; that if she had knowledge there was an obstruction, and interference with the passage so as to render it perilous, dangerous, and insecure for a person of ordinary care and prudence to pass, she took her chance, and would not be entitled to recover, notwithstanding they may believe the city negligent. But if she previously knew of the defect, and assumed, as she had a right to do, that the city had removed the same, and sufficient time had elapsed for the same to be removed, and acting upon the belief that the city had performed its duty, she went

upon the defect hidden by the falling snow, she would not be guilty of such contributory negligence as will bar her recovery."

The first clause of the foregoing instruction is free from objection.

The second clause, which is as follows: "But if she previously knew of the defect, and assumed, as she had a right to do, that the city had removed the same, and sufficient time had elapsed for the same to be removed, and, acting upon the belief that the city had performed its duty, she went upon the defect hidden by falling snow, she would not be guilty of such contributory negligence as will bar her recovery," is erroneous.

In the second instruction given by the court, it was properly left as a question of fact to be decided by the jury whether or not the plaintiff in error had, under all the circumstances of this case, a reasonable time after the discovery of the defect in the streets to remove and remedy the same, and the jury were told that if they believed from the evidence that the sidewalk was in a defective condition, and that, by reason of its recentness and the condition of the weather, the city had not had reasonable time to remove the defect, they must find for the defendant, while in the branch of the third instruction, which we are now considering, this question is taken away from the jury, and decided by the court.

This accumulation of ice had been upon the streets for several days. Its existence was known to the defendant in error, and she had on former occasions avoided it by passing over to the opposite side of the street. The weather in the interval had been cold, and it was for the jury to say, taking all these facts into consideration, whether she had a right to assume that the city had, in the meantime, removed the defect, or was negligent in having failed to do so.

We are, therefore, of opinion that the judgment must be reversed, and that upon another trial upon an identical or similar state of facts the court, if requested, should modify the instructions given upon the former trial in accordance with the views stated in this opinion.

We deem it unnecessary to express any opinion upon the motion for a new trial.

Harrison, J., dissenting:

This court has repeatedly held that a traveller on a public street is held to the exercise of ordinary care. He has the right to assume that the sidewalk is in a safe condition, and is not required to anticipate danger, but this does not excuse him from the exercise of his own faculties. When reasonable attention on his part will enable him to avoid an *open and obvious danger*, he cannot recover if he has neglected to exercise that ordinary and reasonable care which is expected of every one. *Osborne* v. *Pulaski Light & Water Co., ante p.* 16.

In the case at bar the negligence of the city is conceded. It is shown by the evidence to have been gross and inexcusable. The only circumstance suggesting contributory negligence on the part of the plaintiff is her own statement that four or five days, or a week before the accident, she had seen the accumulation of ice on the sidewalk and avoided it. In connection with this statement, the uncontradicted evidence is that, at the time of the accident, she did not know the ice was there, and that it was impossible to see it in consequence of the recently fallen snow. It further appears that the point of the accident had been for some time in a dangerous condition, and allowed to remain so in the face of repeated remonstrance, and that immediately after the accident the city performed its duty by removing the ice and the cause of its accumulation.

While the instructions given by the court are awkwardly expressed, I think the jury were sufficiently informed as to the plaintiff's duty to exercise ordinary care in her use of the sidewalk, and that under the instructions, taken together, her right to recover was made to depend upon the jury's belief, from the evidence, that a sufficient time had elapsed, after her previous knowledge of the ice, for the city to do its duty by removing

the same, and to justify the plaintiff in assuming that the side-walk was in a safe condition.

I am further of opinion that upon the facts proven a different verdict could not have been rightly found, and, therefore, the city was not prejudiced by the instructions, even though they were defective. Judge Riely, speaking for the court, in stating the law on this subject, says: "It is the settled rule of this court, recognized and acted upon in numerous cases, that if the court can see from the whole record that even under correct instructions a different verdict could not have been rightly found, or that the exceptant could not have been prejudiced by the erroneous instructions, it will not for such error reverse it." *Richmond Rwy. Co.* v. *Garthright,* 92 Va. 627, 631.

For these reasons I am for affirming the judgment.

*Reversed.*