| 99 | 117 |
| 99 | 744 |
| 99 | 117 |
| a100 | 232 |
| 99 | 117 |
| 102 | 512 |
| 99 | 117 |
| 105 | 382 |
| 99 | 117 |
| 106 | 393 |
| 99 | 117 |
| f109 | 668 |

# Richmond.

## Newport News and Old Point Railway and Electric Company v. Bradford.

### January 17, 1901.

1. NEGLIGENCE—*Ordinary Care—What Constitutes.*—Ordinary care does not require one absolutely to refrain from exposing himself to danger. It does require, however, such watchfulness and precaution to avoid coming into contact with danger as a person of ordinary prudence would use under like circumstances for his own protection, in view of the danger to be avoided.

2. STREETS—*Obstruction—Avoidance—Evidence.*—Where a person in the lawful use of a highway encounters an obstruction, he may attempt to pass it, if it is consistent with reasonable care to do so, and this is generally a question for the jury, depending upon all of the circumstances of the particular case. It is pertinent, however, in connection with other facts, to enquire whether the danger could have been altogether avoided without serious inconvenience, and it is error to refuse to permit such enquiry to be made.

3. STREET RAILWAYS—*Removal of Snow—Obstructing Streets—Ordinary Care.*—A street car company, in operating its cars upon a street, has a right to remove snow from its track to another part of the street, but, in doing so, it has no right to bank up the snow so as to make it dangerous to use or cross the street, unless the work of cleaning the track necessarily obstructs passage, and then the company is bound to do all that ordinary care requires in removing the obstruction.

4. STREET RAILWAYS—*Extraordinary Snow Storms—Obstructing Streets—Ordinary Care.*—Extraordinary care is not required of a street car company to avoid obstructing a street merely because of an extraordinary snow storm. All that is required of such company is ordinary care, but what is ordinary care depends on the facts of the particular case.

5. Instructions—*Objection After Verdict.*—As a general rule, objections to instructions come too late after verdict.

6. Contributory Negligence—*All Facts and Circumstances to be Considered.*—In determining the fact of contributory negligence on the part of a plaintiff, what others did, and what he thought could be done in the exercise of due care, are facts to be considered. The solution of that question, however, ought not to be made to depend on those two facts alone, but on all the facts and circumstances of the case tending to prove or disprove such contributory negligence.

Error to a judgment of the Circuit Court of Elizabeth City county, rendered January 20, 1900, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant, and in which the plaintiff in the trial court recovered a verdict and judgment against the defendant for the sum of $700.

*Reversed.*

The opinion states the case.

*S. Gordon Cumming* and *O'Ferrall & Regester*, for the plaintiff in error.

*E. E. Montague* and *Bickford & Stuart*, for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This action was brought by Mrs. Mary E. Bradford to recover damages from the Newport News and Old Point Railway and Electric Company for injuries suffered by her whilst attempting to pass from one side of Mellen street to the other in the town of Phœbus, over an embankment or ridge of snow thrown upon the street by the defendant company in removing the snow from its line of road.

It appears that for several days prior to the 14th day of February, 1899, the date of the plaintiff's injuries, there had been an unusually heavy snow storm along the defendant company's

street-car line, which extended from Newport News to Old Point, completely blocking its traffic; that on the day of the plaintiff's injury, the defendant was engaged with all the hands it could employ in removing the snow from its track so that it could resume operations; and that the snow was thrown from the street-car track along Mellen street three or four hours before the plaintiff was injured.

The evidence tended to show that the embankment of snow thus made was from eighteen to twenty-four inches higher than the street-car track, sloping to the ground about one foot from the track; that there were steps in the embankment of snow on the side next to the track made by the persons crossing; that a number of persons had crossed there after the snow had been thrown from the street-car track, and that no person other than the plaintiff had been injured at that point.

The plaintiff testified that, on the day of the accident, she left her residence at the foot of Mellen street to make some purchases at two shops or stores located on the west side of the street, and in the same block; that, having made her purchases, she crossed the street at its intersection with Hope street to go to a drugstore, and in doing so, went over the ridge or embankment of snow thrown from the street-car track, but on her return from the drugstore, about ten minutes to six o'clock P. M., whilst endeavoring to recross Mellen street, she stepped upon the snow, thrown up as before described, fell upon the street-car track, breaking her right leg; that she knew it was a dangerous place to cross because she had already crossed it in going to the drugstore; that she could distinctly observe her surroundings, and thought that by taking care she could cross the street at that point which was on line of the Hope-street sidewalk, and that she did exercise all the care she knew how to use in her attempt to cross.

There was also evidence tending to show that the plaintiff could have gone to her home from the drugstore without cross-

ing the street-car track at all, by keeping on the east side of Mellen street, and that if she crossed there she would have to cross the street-car line again to reach home, but that the best walking was on that side of the street; that the embankments of snow at the crossing where Mellen and Mallory streets intersect, one block from the place of the accident, had been cleared away by the defendant company about three o'clock P. M. of the day of the accident.

Upon the cross-examination of the plaintiff, she was asked if she could not have gone to her home from the drugstore, as intended, without recrossing Mellen street through the ridge of snow. The court, upon motion of counsel, refused to allow the question to be answered. This is assigned as error.

The object of the question, as stated in the bill of exception, was to show that the defendant could, without inconvenience, have gone home from the drugstore, without attempting to cross Mellen street at a point which she had already testified she knew was dangerous, and was therefore guilty of contributory negligence.

In this, as in other cases of negligence, the defendant had the right to show, if it could, that the plaintiff was not entitled to recover because she had been guilty of contributory negligence. The plaintiff may have exercised due care, as she testified she did, in the manner of crossing at the point where she was injured, and yet been guilty of contributory negligence in attempting to cross there at all under the circumstances of the case. Ordinary care does not require one absolutely to refrain from exposing himself to peril. But it does require such watchfulness and precaution to avoid coming into danger as a person of ordinary prudence would use for his own protection under the same circumstances, in view of the danger to be avoided.

Where a person, in the lawful use of a highway, meets with an obstruction, he may attempt to pass if it is consistent with reasonable care to do so; and this is generally a question for the

jury, depending upon all the circumstances surrounding the party. *Dewire* v. *Bailey*, 131 Mass. 171; *City of Lynchburg* v. *Wallace*, 95 Va. 640; Elliott on Roads, &c. 636; 1 Shear. & Red. on Neg., sec. 376; 2 Dillon on Mun. Corp., sec. 1020 and notes.

If the plaintiff knew that there was another route to her home which she might have taken without serious inconvenience, and thus avoided the crossing which she knew to be dangerous, it was a fact which ought to have gone to the jury to be considered by them in connection with all the other facts of the case in determining the question of contributory negligence, and the court erred in not permitting her to answer the question objected to.

The street-car company insists that it was not guilty of negligence in throwing the snow from its track, and permitting the ridge or embankment made thereby to remain from two or three o'clock to six o'clock in the afternoon under the extraordinary circumstances disclosed by the record.

From the necessity of the case, it would seem that a street-car company, in operating its cars upon a street, would have the right to remove snow from its track to another part of the street, but in doing so it would not have the right to bank up the snow so as to make it dangerous to use or cross the street, unless the work of cleaning the track necessarily obstructs passage, and then the company is bound to do all that ordinary care requires in removing the obstruction.   Elliott on Roads, &c., sec. 764; 1 Shear. & Red. on Neg., sec. 359; *Dixon* v. *The Brooklyn City, &c. Co.*, 100 N. Y. 170.

Both parties offered instructions on this question.   The plaintiff's instruction was given as asked for, and is as follows:

" If the jury believe from the evidence that the snow storm occasioning the deposit of snow upon the track of the company was an extraordinary one, the court instructs the jury that it was the duty of the defendant company, in clearing its tracks,

to use commensurate exertions not to create obstructions to the passing of pedestrians at street crossings, and if by the use of such exertions the company might have avoided such obstructions at the intersection of Hope and Mellen streets, and that it nevertheless did create such obstructions, then such obstruction existed without a warrant of law."

The defendant asked the court to instruct the jury "that defendant railway company was entitled, under its charter and the orders made by the Board of Supervisors of Elizabeth City county, to the use of the bed of Mellen street for the purpose of a street railway; and, if its track was covered with snow, it had the right to remove it therefrom; provided, that in so doing it exercised ordinary care and prudence," but the court refused to give it as offered, and amended it by adding the following words: "And where the snow might reasonably have been deposited so as not to obstruct the way of pedestrians passing from one side of the street to the other at street crossings, the depositing of snow at such points so as to create an obstruction, is a negligent act."

We see no objection to the defendant's instruction as offered. The amendment made by the court did not change its legal effect. It only made the instruction a little more specific and brought pointedly to the attention of the jury that the defendant, in the exercise of ordinary care and prudence, did not have the right to obstruct the street crossing in removing the snow if it could reasonably have deposited it elsewhere.

The instruction given for the plaintiff was misleading, if not erroneous. It said in effect to the jury that if they believed that the snow storm causing the deposit of snow on the defendant's track was an extraordinary one, then it was the duty of the defendant to use extraordinary exertions not to create obstructions at street crossings. It was the duty of the defendant to exercise ordinary care and prudence in removing the snow from its

track. What is ordinary care depends upon the facts of the par-
ticular case. That which would be ordinary care in one case might
be gross negligence in another. *Bertha Zinc Co.* v. *Martin*, 93
Va. 791, 805-6; 1 Shear. & Red. on Neg., sec. 53; Elliott on
Roads, &c., sec. 409. But the mere fact that the deposit of
snow upon the defendant's track was caused by an extraordinary
snow storm, did not require the defendant to use extraordinary
exertions to avoid obstructing street crossings in removing the
snow, but only required it to use that degree of care and pru-
dence which ordinarily prudent persons exercise under like cir-
cumstances.

The giving of the following instruction is assigned as error:

" The court instructs the jury that, though they may believe
from the evidence that the plaintiff, Mary E. Bradford, saw the
heap of snow, alleged to have been piled or thrown by the
defendant company, and knew that it was of a dangerous char-
acter, but knew that other persons had crossed there, and reason-
ably believed that by the exercise of reasonable care she could
cross the same in safety, her attempt is not contributory neg-
ligence."

No objection was made to this instruction until after verdict.
It is conceded that the general rule is that objections to instruc-
tions come too late, if not made until after verdict; but it is
earnestly insisted that under our decisions this rule is not with-
out exceptions. Whether or not that contention is well founded,
it is unnecessary to determine in this case as the judgment com-
plained of will have to be reversed for the errors hereinbefore
pointed out, but as this same instruction may be offered upon
the next trial, it will be proper to consider the objections made
to it.

Although other persons may have passed over the obstruction
where the plaintiff was injured, and she may have thought she

could do so with safety, by exercising reasonable care, those facts were not conclusive of the question of contributory negligence. The other persons that crossed there may have been differently situated from what she was. They may not have known of the danger of the obstruction as she did, or they may have been compelled to cross that street to get to their homes or places of business, and may not have known that they could cross elsewhere without serious inconvenience. What other persons did, and what she thought could be done in the exercise of reasonable care, were facts to be considered in determining the question of due care on her part, but the solution of that question ought not to have been made to depend solely upon those two facts, but upon all the facts and circumstances of the case tending to prove or disprove contributory negligence on her part.

The judgment of the Circuit Court must be reversed, the verdict set aside and the cause remanded for a new trial to be had according to law and not in conflict with the views expressed in this opinion.

*Reversed.*