# Richmond.

## Southern Railway Company v. Stockdon.

### March 14, 1907.

1. PLEADING—*Declaration—Sufficiency.*—If a declaration states a good case independently of a city ordinance set forth therein, it is immaterial that the ordinance was unconstitutional, or that the declaration failed to allege that its violation was the proximate cause of the injury complained of.

2. RAILROADS—*Speed Ordinance of Town—Knowledge of Company—* The fact that a town ordinance regulating the speed of railroad trains was only open for inspection to voters of the town is immaterial, where it appears that the defendant company knew of its existence and published rules in conformity thereto.

3. EVIDENCE—*Order of Introduction—Discretion of Trial Court.*—The order of introduction of evidence lies in the discretion of the trial court, whose judgment, in this respect, will be rarely reversed.

4. DAMAGES—*Personal Injury—Evidence as to Earning Capacity*—In an action for personal injuries the testimony of the plaintiff that some years before the injury he earned forty dollars a month, and at the time of the injury his commissions on the sale of machinery, in which business he was then engaged, exceeded that sum, is admissible as tending to show that at the time of the injury his earning capacity was at least forty dollars a month.

5. RAILROADS—*Excessive Speed—Town Ordinance—Negligence.*—The mere running of a train at a rate of speed prohibited by a city ordinance is not *per se* negligence for which a recovery can be had, but it is always a circumstance to be considered along with the other facts and circumstances of the case in determining the question of negligence.

6. RAILROADS—*Grade Crossings—Excessive Speed—Personal Injury— Failure to See or Hear Train.*—A traveler approaching a railroad crossing has the right to assume that those in charge of a train will obey a city ordinance regulating the speed of trains, whether he sees or hears the train or not. His seeing or hearing have nothing to do with the assumption that the ordinance

will be obeyed unless he is thereby informed that the train is being run in violation of the ordinance.

7. RAILROADS—*Personal Injury at Grade Crossing—Negligence—Question for Jury.*—Whether or not a plaintiff injured at a grade crossing of a railroad was guilty of contributory negligence in failing to look for trains at that point, under the circumstances disclosed by the evidence, is a question for the jury.

8. RAILROADS—*Grade Crossing—Watchman—Gait of Approaching Traveler—Failure to Give Warning.*—In an action for personal injuries inflicted on a traveler at a grade crossing of a railroad where a watchman is kept to warn travelers of approaching trains, it is not error to instruct the jury that "the plaintiff should have approached the crossing at such a gait as would have enabled him to stop *if warned* in time of an approaching train, and if he did not approach at such a gait he could not recover."

9. INSTRUCTIONS—*Jury Fully Instructed.*—It is not error to refuse to instruct the jury on a point upon which they have already been fully instructed.

Error to a judgment of the Circuit Court of Orange county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Horsley, Kemp & Easley* and *George S. Shackelford,* for the plaintiff in error.

*Gordon & Gordon* and *A. T. Browning,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the Court.

This is an action to recover damages for injuries done to the person and property of H. W. Stockdon by one of the Southern Railway Company's passenger trains running upon him whilst driving across the railroad tracks where its road crosses Main street in the town of Orange.

There was a demurrer to the declaration and to each count thereof. The court sustained the demurrer as to the first and overruled it as to the other counts.

In this ruling we see no error, as the counts which the court held to be good do not show affirmatively, as contended, that the plaintiff was guilty of contributory negligence. Neither are the other grounds of demurrer to these counts tenable, even if it were true that the ordinance of the town of Orange, regulating the speed of railroad trains, was unconstitutional, and that the second count does not allege that the violation of the ordinance, if valid, was the proximate cause of the plaintiff's injuries, since the other allegations in each count state a good cause of action. *A. & D. Ry. Co.* v. *Reiger,* 95 Va. 418, 428, 28 S. E. 590.

The defendant company objected to the introduction of the town ordinance prohibiting railroad trains from running at a greater rate of speed than six miles an hour whilst passing through its corporate limits, first, because the ordinances of the town were only open for inspection to the voters of the town, and, therefore, as other persons were not permitted to see them, they could not be bound by them; and, second, because the ordinance was not pertinent testimony to any issue in the case and no foundation had been laid for its introduction.

In answer to the first objection it is sufficient to say that the time-table of the defendant company shows that the company had knowledge of the ordinance, since it provided that its trains must not be run at a greater rate of speed than six miles an hour in certain towns through which its road passes, among which is the town of Orange. As to the other objection the violation of the ordinance was one of the grounds relied on to show negligence on the part of the company, and as the order of introducing evidence is in the discretion of the trial court, even if it was introduced before any foundation had been laid for its introduction, it would be no ground for reversal.

The plaintiff, while on the stand as a witness, testified that

some years before his injury he earned forty dollars per month as a wheelwright, and that he was earning more at the time of the accident in selling machinery upon commission, though he was unable to state the precise amount of his commissions. The evidence was objected to as remote and speculative; the objection was overruled, and this action of the court is assigned as error.

The evidence was clearly admissible as tending to show that the plaintiff's earning capacity was at least forty dollars per month when he was disabled by the injuries complained of.

As is so frequently the case in actions of this kind many more instructions were asked for and given than the questions of law involved in the case required, and more than could be helpful to the jury. The defendant company asked for fifteen instructions, of which the court gave seven as asked, four as amended, and refused to give the other four. It gave for the plaintiff seven instructions. The action of the court in giving the instructions asked for by the plaintiff, except the fourteenth and seventeenth, in amending instructions 3, 6, 7 and A, offered by the defendant, and in rejecting defendant's instructions 5, 10, B and C is assigned as error.

Instruction No. 1, given by the court at the instance of the plaintiff, is objected to because, as we understand the assignment of error, there was no evidence upon which to base it as to the failure of the watchman to give proper warning as the plaintiff approached the crossing. While the preponderance of evidence is with the defendant on this question, there was evidence tending to show that the watchman gave no warning until it "was too late to do any good." The instruction is also objected to because it contradicts the defendant's instruction No. 12, which told the jury that the running of the train at a greater rate of speed than was allowed by the ordinance of the town "in itself was not negligence in this case which would render the defendant liable." By instruction No. 1 the jury were told in effect that in determining whether or not the defendant com-

pany was guilty of negligence they could consider the fact, if it was a fact, that the defendant's train was running at a greater rate of speed than was allowed by the ordinance of the town, along with the other facts of the case.

It has been frequently held by this court that the mere running of a train in violation of law or of an ordinance is not, *per se,* negligence for which a recovery can be had, yet it is always a circumstance to be considered along with the other facts and circumstances of the case in determining the question of negligence.

Instruction No. 5, given upon the motion of the plaintiff, is objected to because it is in conflict with the said instruction No. 12. By instruction No. 5 the jury were told that the plaintiff in approaching the crossing had the right to assume that the defendant would obey the ordinance of the town and not run its train at a greater rate of speed than six miles an hour, and if they believed from the evidence that the train was running at a greater rate of speed the jury might consider the fact along with the other circumstances of the case in determining whether or not the plaintiff was guilty of contributory negligence.

For the reasons given in discussing plaintiff's instruction No. 1 it is plain that there is no conflict between instructions 5 and 12.

Instruction 5 is further objected to because the ordinance could have no possible bearing upon the question of the plaintiff's contributory negligence, as he had neither seen nor heard the train.

We know of no reason why a traveler approaching a railroad crossing has not as much right to assume that the railroad company will obey the ordinance of the town, where the train is neither seen nor heard, as where he both sees and hears it. His seeing and hearing has nothing to do with the assumption that the railroad company will obey the ordinance, unless his sight or hearing informs him that the company is running its train

in violation of the ordinance. In that event, of course, he could not assume what he knew was not a fact.

Instructions 2 and 3, given at the instance of the plaintiff, are objected to because there was no evidence upon which to base them. While the preponderance of evidence is in favor of the defendant's contention that the watchman did his duty in warning the plaintiff of the approaching train, and before he was in peril, yet there was evidence tending to prove (and if the jury believed it, sufficient to prove) that the warning was given too late, and but for the plaintiff's checking his horse when he heard the watchman's call to stop, or "Go back," he might have crossed the track unharmed.

One of the questions which the jury had to determine was whether or not the plaintiff was guilty of contributory negligence in failing to listen and look for approaching trains after reaching the tower house, which was within six feet of the side track and nineteen feet of the main track of the defendant company's road. The contention of the defendant is that inasmuch as there was no place from where the plaintiff drove into Main street until he reached the tower house, where looking could be made effective, it was his duty to look for trains in both directions when he reached that point, and that if he had done so, by leaning forward in his buggy when his horse's head was within six and one-half feet of the main track, he could have seen along that track in the direction from which the train was coming which struck him a distance of nearly 800 feet; and that his failure to do so was contributory negligence. The plaintiff, on the other hand, insists that from the time he came into Main street he had been listening for trains, and had looked through the narrow space between the Thompson House and the tower, the only place where it was possible to see the defendant's track to the north, and neither heard nor saw the train; that the watchman gave no warning and was not in the middle of the street where he always saw him when trains were approaching, which he thought meant that the way was clear;

that a wagon just in front of him had crossed the track; that the ordinance prohibited trains from running more than six miles an hour through the town; that when he passed the tower, where he could see, his buggy was on the side track and his horse's head within six feet of the main track, a place of peril if a train should pass; and that under these conditions ordinary care required him to drive rapidly over the main track, as he was attempting to do when struck by the train.

Whether or not the plaintiff was guilty of contributory negligence in failing to look for trains at that point under the circumstances disclosed by the evidence was a question for the jury. *Kimball & Fink* v. *Friend*, 95 Va. 125, 138, 139, 27 S. E. 901.

Instruction 6, given for the plaintiff, and instruction 6, as amended and given for the defendant, fairly submitted that question to the jury.

By the defendant's instruction 3, as offered, the court was asked to tell the jury that the plaintiff should have approached the crossing at such a gait as would have enabled him to stop if warned of an approaching train. The instruction as amended by the court told the jury that the plaintiff should have approached the crossing at such a gait as would have enabled him to stop if warned in time of an approaching train, and if he did not approach at such a gait he could not recover. The refusal of the court to give the instruction as offered, and in amending it and giving it as amended, is assigned as error.

The defendant's instruction ignored entirely the fact that there was a watchman kept at the crossing to warn travelers of approaching trains. The court did not err in refusing to give it as offered, nor in giving it as amended.

The court did not err in refusing to give instruction No. 10, offered by the defendant, which was to the effect that the plaintiff could not recover if by his negligence he contributed to the accident, even if the defendant were guilty of negligence, because upon that question the jury had been fully instructed by the defendant's instruction No. 1.

Without discussing further the action of the court in giving, amending and refusing instructions, it is sufficient to say that the instructions given submitted the case to the jury fully and as favorably to the defendant as it was entitled to have it submitted, and that the court committed no error in refusing to give the other instructions offered by the defendant.

The case was clearly one for the determination of the jury, and the Circuit Court did not err in refusing to set aside the verdict.

The judgment complained of must, therefore, be affirmed.

*Affirmed.*