# Wytheville.

## Norfolk and Portsmouth Traction Company v. Forrest's Administratrix.

### June 10, 1909.

1. Pleading — *City Ordinance — Negligence — Evidence — Street Railways.*—If a city ordinance be the basis of an action, and its violation constitutes the negligence relied on for a recovery, it should be pleaded, but where such violation is not the "ground of negligence" relied on, as where the defendant is charged with running its cars on a city street at a reckless and dangerous rate of speed, the violation of the ordinance is admissible in evidence, without being pleaded, along with other facts and circumstances tending to establish the negligence alleged in the declaration. There is no more reason why the ordinance should be pleaded than any other fact or circumstance tending to establish the negligence alleged.

2. Evidence—*Judicial Notice—Municipal Ordinances.*—Courts do not take judicial notice of municipal ordinances, and they must be proved, but when proved they stand on the same footing as statutes.

3. Street Railways—*Contributory Negligence—Last Clear Chance.*— Notwithstanding the contributory negligence of a traveler in driving upon a street car track in front of an approaching car, if the motorman of the car knew, or, in the exercise of ordinary care, ought to have known of the danger to which the plaintiff was exposed and could have avoided a collision by the exercise of ordinary care, but failed to do so, and the plaintiff was injured thereby, the street car company is liable. This is simply the doctrine of the last clear chance.

4. Negligence—*Last Clear Chance—Instructions.*—An instruction dealing with the duty of the defendant under the doctrine of the "last clear chance" is not bad for failing to state the corresponding duty of the plaintiff where this has been fully and fairly done by other instructions given in the case at the instance of the defendant.

5. Street Railways—*Contributory Negligence*—*"Small Chance" of Injury*—*Question for Jury.*—Whether or not it is contributory negligence for a person to attempt to cross a street railway track in front of an approaching car is determined by what a reasonably prudent person would have done under like circumstances, and is a question of fact to be determined by the jury. It cannot be said, as a matter of law, that to take a "small chance" of collision constitutes contributory negligence.

6. Trial—*Inferences from Conduct*—*Question for Jury.*—Where the evidence is conflicting it is for the jury to determine the weight to be attached to the inferences that could reasonably be drawn from the conduct of the parties.

7. Instructions—*Jury Fully Instructed.*—It is not error to refuse an instruction on a matter which has been fully covered by other instructions already given.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*H. W. Anderson, W. H. Venable* and *J. R. Tucker,* for the plaintiff in error.

*Jeffries, Wolcott, Wolcott & Lankford,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought by E. B. Forrest to recover of the Norfolk and Portsmouth Traction Company damages for personal injuries alleged to have been sustained as a result of the negligence of the defendant company in the operation of one of its street cars on Botetourt street in the city of Norfolk. The plaintiff was driving a loaded ice wagon along Pembroke avenue, and at the intersection of that avenue with Botetourt street there was a collision between the street car and the ice

wagon, whereby the plaintiff was thrown to the ground sustaining the injuries complained of.

During the pendency of this suit the plaintiff died from the injuries he had received, and the suit was revived by his administratrix, and prosecuted in her name to a final judgment against the defendant company for $8,000.

Whether or not, upon the trial of the case, there was any error in the rulings of the circuit court to the prejudice of the defendant company, is the subject of the present inquiry.

The first assignment of error is to the action of the court in admitting as evidence a certain ordinance of the city of Norfolk, regulating the speed of cars at street crossings, and prescribing the manner of running and controlling the same at such points. That the violation of a statute or municipal ordinance is admissible as evidence of negligence is not denied, but it is contended that for such an ordiance to be invoked "as a ground of negligence," it must not only be proven, but must be pleaded, which was not done in this case.

It may be conceded that if the ordinance be the basis of the action, and its violation constitute the negligence relied on for a recovery, it should be pleaded; but the contention here made ignores the distinction between a case in which the violation of the ordinance is the "ground of negligence" relied on, and one like that at bar where the ordinance is introduced as tending, along with other evidence, to prove the negligence which is alleged in the declaration.

The first count of the declaration alleges that the defendant negligently ran its car "at a rate of speed dangerous to persons traveling along and upon the highway at that place." This constitutes negligence, and any fact which tends to prove such allegation should go to the jury, who are to say whether or not the negligence alleged has been proved.

Persons when traveling upon and using the streets and street crossings of a city, have a right to rely upon the observance by those operating cars of an ordinance limiting the rate of speed

at crossings, and in doing so to govern their actions accordingly. The violation of an ordinance, thus relied on, is admissible, without being pleaded, along with other facts and circumstances of the case as tending to establish the allegation that the defendant "carelessly, negligently and recklessly, ran the said car at a rate of speed dangerous to persons traveling along and upon the highway at that place."

Courts do not take judicial notice of municipal ordinances as they do of statutes, and evidence must be offered to prove them, but when proven they stand upon the same footing as statutes. *Norfolk Ry. & L. Co.* v. *Corletto,* 100 Va. 355, 41 S. E. 740.

In the case cited, at p. 359, it is said: "Statutes regulating the speed of railroad trains at certain places, being regulations clearly intended for the protection of travelers, it is well settled that any violation of them is competent evidence of negligence in an action brought by a traveler on the highway, even though the statute simply imposes a penalty for its violation." See *A. & D. R. Co.* v. *Reiger,* 95 Va. 418, 28 S. E. 590, and *Southern Ry. Co.* v. *Stockdon,* 106 Va. 695, 56 S. E. 713.

In the case of *Faber* v. *St. Paul M. & M. Co.,* 29 Minn. 465, 467, 13 N. W. 902, where the introduction of a similar ordinance was objected to because not pleaded, it is said: "The objection cannot be sustained. The fact that the rate of speed at which the train was run was prohibited by the municipal law, was competent evidence going to prove negligence;  *  *  * and being evidence of the fact pleaded, it might be proved, although the existence of the ordinance had not been alleged in the complaint."

In *Brasington* v. *South Bound R. Co.,* 62 S. C. 667, 40 S. E. 667, 89 Am. St. Rep. 905, the supreme court of South Carolina says: "This is not an action to enforce the performance of any duty imposed by an ordinance of the city of Charleston, or to enforce the payment of any tax or penalty imposed by such ordinance, but the cause of action here is

the negligence of the defendant company resulting in the death of the intestate and the ordinances of the city are only referred to as showing such negligence."

In 6 Thompson on Negligence, sec. 7868, the author says: "Where the evidence tends to show that a particular act was prohibited by ordinance and that such violation contributed to the injury, then the ordinance is quite properly admitted on the question of negligence, though not pleaded; but the rule is otherwise where the action is founded on a violation of the ordinance, and here it is necessary to plead the ordinance." See also *Lane v. Atlantic Works,* 111 Mass. 136, 140; *Union Pac. R. Co. v. Rassmussen,* 25 Neb. 810, 41 N. W. 779, 13 Am. St. Rep. 527.

In the case at bar the ordinance is not relied on as the ground of the plaintiff's right to recover. Its violation merely contributes to the proof of the fact alleged in the declaration that the defendant was running its car at a reckless and dangerous rate of speed. This being so, there is no more reason why the ordinance should be pleaded than that any other fact or circumstance adduced to establish the alleged negligence should be pleaded.

The second assignment of error is to the action of the court in giving instructions Nos. 1, 2, 3, 4 and 5, asked for by the plaintiff.

Instruction No. 1 is as follows: "The court instructs the jury that in running upon the public highway where the plaintiff's intestate, E. B. Forrest, was injured, the rights of the company's cars were not superior to those of any other vehicle, but simply equal. And said Forrest had the right to drive either across or along the track just as freely as upon any other part of the street, so long as he did not obstruct the cars, or negligently expose himself to danger. He had the right to assume that the servants of the defendant operating said car would give the proper signals and not run at an excessive rate of speed at that crossing, and he had the right to drive his wagon across or even along the track in full view of the approaching car if

under all the circumstances it was consistent with ordinary prudence to do so.   And if the jury believe from the evidence that under all the circumstances by which said Forrest was then surrounded it would have been reasonably apparent to an ordinarily prudent person that if the defendant's servants should use ordinary care in running and controlling said car, he could drive across the track without danger of a collision, then said Forrest was not guilty of negligence in driving across said tracks.

"And if the jury further believe from the evidence that under such circumstances the said servants of the defendant did not use ordinary care in operating said car in one or more of the particulars alleged in the declaration, and that as a direct and proximate result thereof the said Forrest was injured as therein alleged, they should find for the plaintiff."

The first paragraph of this instruction is conceded to be correct.   The second paragraph is admittedly a sound proposition of law, but the position is taken that it is inapplicable to the facts.

This contention is not tenable.   There is a conflict in the testimony with respect to the facts relied on as the basis of this instruction.   The evidence of the plaintiff tends to show that the excessive speed of the car and the failure to give proper signals of its approach to the crossing were, one or both together, the proximate cause of the accident.   The plaintiff's intestate, in determining the prudence of his course, had a right to rely upon the assumption that the law would be obeyed, both in respect to the speed of the car at the crossing and the sounding of the gong as it approached.   If the failure to sound the gong induced the belief that the car would stop or slacken its speed and thereby led the deceased to enter a place made dangerous by a failure to slacken such speed, in obedience to the ordinance, then the failure to do these things was the proximate cause of the accident.   These two paragraphs of the instruction are directed not so much to the defendant's negligence

in failing to reduce its speed and sound its gong as to the question of Forrest's contributory negligence. They practically tell the jury that the rights of both parties upon the street were equal, and that the deceased had a right to drive upon the tracks, provided he did not obstruct the cars or negligently expose himself to danger. *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 388, 43 S. E. 618.

The two succeeding paragraphs told the jury what they could consider in determining whether or not the deceased did negligently expose himself to danger. That if, under all the circumstances by which the deceased was surrounded, an ordinarily prudent man would have acted as he did, then he was not negligent; that if the defendant was negligent in operating the car, and that as a direct and proximate result of such negligence the deceased was injured as alleged in the declaration, the company was liable.

The criticism that this instruction ignores the subject of the contributory negligence of the deceased and should have pointed out clearly that view of the case to the jury, is not well taken. The jury are clearly told that, in going upon the track, the deceased, in order to be free from blame, could not negligently expose himself to danger, but must be governed by the degree of caution that would be exercised by a reasonably prudent man under like circumstances. Besides, in other instructions the subject of contributory negligence of the deceased is so fully covered that when the instructions are read together it is apparent that the jury could not have been misled to the prejudice of the defendant.

Plaintiff's instruction No. 2 was as follows: "The court instructs the jury that the ordinance of the city of Norfolk introduced in evidence is a regulation intended for the protection of travelers, and any violation of it, if proven, is competent evidence of negligence in this suit, to be considered along with all the other evidence in the case in determining whether the

defendant was guilty of negligence as charged in the declaration which caused the plaintiff's injury as therein alleged."

The objection to this instruction has been disposed of by what has been already said touching the admissibility of the ordinance as evidence.

Plaintiff's instruction No. 3 is as follows: "The court instructs the jury, that if they believe from the evidence that at the time of the accident by which the plaintiff's intestate, E. B. Forrest, was injured as shown by the evidence, there was in force an ordinance of the city of Norfolk which provided that 'it shall not be lawful for any person, or corporation, to operate or run any electric or trolley car or other vehicle propelled by electricity over or through any street crossing in the city of Norfolk, Virginia, without first reducing the rate of speed of said cars to not more than three miles per hour. And there shall be fixed to such cars a gong or other bell which shall be sounded continuously before reaching such crossing, and beginning at a distance of fifty feet from such crossing'—then the said E. B. Forrest, in approaching and crossing the defendant's track, had the right to assume that the servants of the defendant in charge of its car which was then approaching, would obey the requirements of said ordinance in the running and operating said car. And if the jury believe from the evidence that under all the circumstances by which said Forrest was surrounded, it would have been reasonably apparent to an ordinarily prudent person that he could cross the track without danger of a collision, he was not guilty of negligence in attempting to do so."

No valid objection has been made to this instruction, and it is so clearly free from objection that comment is unnecessary.

Plaintiff's instruction No. 4 is as follows: "The court instructs the jury, that if they believe from the evidence that after the servants of the defendant in charge of its car knew, or in the exercise of ordinary care ought to have known, of the danger to which the plaintiff's intestate was exposed in crossing the

track in front of the car, they could have avoided the accident by the exercise of ordinary care, but failed to do so, and that the plaintiff was injured thereby, as alleged in the declaration, they must find for the plaintiff, whether the plaintiff's intestate was guilty of contributory negligence in attempting to cross the track at that time or not."

This is a correct statement of the doctrine of the last clear chance, and there was ample evidence to justify such an instruction. The plaintiff's evidence tends to show that when the car was 150 feet away the deceased was actually driving across the track.

It is contended that this instruction should have concluded with the words, "unless you also believe from the evidence that after the danger of collision became, or by the use of ordinary care could have been, known to the plaintiff's intestate, he could have avoided the accident and failed to do so."

This instruction was dealing with the duty of the defendant after it knew, or in the exercise of ordinary care ought to have known of the danger to which the plaintiff's intestate was exposed in crossing the track in front of the car. The view of the case which it is insisted should have been embodied in this instruction was not ignored, but was fully and clearly given to the jury by instructions "C" and "E," asked for by the defendant.

### DEFENDANT'S INSTRUCTION No. C.

"The court instructs the jury, that if you believe from the evidence that the car of the defendant was coming south on Botetourt street approaching Pembroke avenue, and that the plaintiff's intestate was driving westwardly on Pembroke avenue, approaching Botetourt street just before the accident and that the plaintiff's intestate as he approached and entered Botetourt street, saw or by the exercise of ordinary care could have seen the car of the defendant approaching and could have

avoided this accident; either by stopping his team, or turning to the right or left, but elected to take the chance of crossing the track on which the car was approaching at a time when he saw, or by the exercise of ordinary care could have seen, that there was danger of a collision in so doing, your verdict must be for the defendant."

## DEFENDANT'S INSTRUCTION No. E.

"The court instructs the jury, that even though you may believe from the evidence that the motorman failed to ring his bell as he approached the crossing, and that he was running at an excessive rate of speed, and that he failed to exercise ordinary care under the circumstances to avoid the accident, after he saw, or by the exercise of ordinary care could have seen that there was danger of a collision with the wagon, you still cannot find a verdict for the plaintiff, if you believe from the evidence that Forrest attempted to drive across the track in front of the approaching car, after he knew or by the exercise of ordinary care could have known that the car would not stop in time to avoid a collision with the wagon."

These two instructions fully inform the jury as to the duty resting upon the plaintiff to exercise reasonable care for his own safety and abundantly emphasizes the point sought to be engrafted upon the plaintiff's instruction No. 4. There was no more reason that the defendant's view of this phase of the case should be engrafted upon the plaintiff's instruction, than that the plaintiff's view should be embodied in each of the two instructions given, on the same subject, for the defendant. The jury were fully informed upon the doctrine of the last clear chance, in its application to both the plaintiff and defendant, and could not have been misled, to the prejudice of the defendant, by the instructions as given. *Roanoke Ry. & Elec. Co.* v. *Young,* 108 Va. 783, 62 S. E. 961.

The third assignment of error was to the action of the court

in refusing to give instructions "E," "G," "H" and "I," asked for by the defendant.

We have already referred to instruction "E" and quoted it in full as given by the court. The latter part of the instruction, as asked, read as follows: "If you believe from the evidence that Forrest attempted to drive across the track in front of the approaching car, after he knew, or by the exercise of ordinary care could have known *that there was even a small chance* that the car would not stop in time to avoid a collision with the wagon."

The complaint is that before giving the instruction, the court struck out the words "that there was even a small chance." These words were properly eliminated from the instruction. They were certainly misleading, if they did not in effect take from the jury the question of the contributory negligence of the plaintiff. The law does not require a person to know that he is absolutely safe before taking a given course of action (*Newport News* v. *Bradford,* 99 Va. 117, 37 S. E. 807); he is only required to exercise ordinary care to avoid accident— such care as a reasonably prudent person would exercise under like circumstances. The court could not hold as a matter of law that to take a "small chance" of collision constituted contributory negligence. It was for the jury to say whether or not the risk taken was, under the circumstances, such as a person of ordinary care would or would not have assumed. It was not necessarily contributory negligence for the deceased to drive across the track in the face of "a small chance" of collision. His action depends upon what reasonably prudent persons, similarly situated, would have done. Whether or not a reasonably prudent person would have pursued the course that was taken by deceased, was a question for the jury to determine under the evidence.

Instruction "H" contained the objectionable language we have considered in connection with instruction "E," and was therefore properly refused.

It was not error to refuse instruction "G." It told the jury, as a matter of law, that if the motorman saw the deceased start to pull up and stop his horses, he had a right to presume that deceased would not attempt to drive across the track in front of him. The evidence is conflicting as to whether or not the deceased started to check his horses, and there are other circumstances bearing upon the question besides the mere checking of the horses. According to the motorman, both he and the deceased checked up at the same time. If this be so, then the deceased might have been misled into the belief that the motorman was stopping to let him pass. It was for the jury to determine the weight to be attached to the inferences that could reasonably be drawn from the conduct of the parties. The court properly held that the impressions likely to be made upon the motorman by the conduct of the deceased was not a matter of law for its determination, but a question to be considered by the jury in the light of all the circumstances disclosed by the evidence.

There was no error in the refusal of the court to give instruction "I," asked for by the defendant. The subject matter of that instruction had been fully covered by two other instructions—No. 5 given by the plaintiff, and instruction "F" given for the defendant.

Upon the whole case, we are of opinion that the instructions were as favorable to the defendant as it had a right to ask; that the case was fairly submitted to the jury, and that the verdict is sustained by the evidence.

The judgment must, therefore, be affirmed.

*Affirmed.*