# Wytheville

HENRY U. EBEL AND FRANK D. EBEL, TRADING AS H. U.
AND F. D. EBEL .V. F. E. TRAYLOR.

June 16, 1932.

Present, Holt, Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*Thomas O. Moss* and *Leith S. Bremner*, for the plaintiff in error.

*J. F. Hall*, for the defendants in error.

CHINN, J., delivered the opinion of the court.

This action was brought by F. E. Traylor to recover damages for injuries inflicted by an automobile owned by plaintiffs in error and at the time operated by their employee, S. C. Schaaf. The jury found a verdict for the plaintiff in the sum of $2,500.00, and judgment having been entered thereon this writ of error was allowed.

The parties will be designated according to the positions they occupied in the trial court.

The single contention presented by the petition is that, "conceding the negligence of the defendants, the plaintiff was guilty of contributory negligence as a matter of law."

The material facts surrounding the accident, as they may have been found by the jury, may be stated as follows:

At the time the injury occurred plaintiff was attempting to cross from the north to the south side of Broad street, in the city of Richmond, at the western side of the intersection of Broad and Lombardy streets. Broad street, at

the intersection in question, is a wide street running east and west. In the center is a double track street railway line, each track being five feet wide between the rails, with an eight foot space between the two tracks. The space occupied by these tracks is rough paved. On each side of the railway tracks is smooth paved driveway used for vehicular traffic, thirty-two feet wide from the outer rail to the curb, the driveway on the northern side being used by vehicles traveling west and that on the southern side by vehicles going east. Lombardy street intersects Broad from the south, and including the sidewalks is sixty feet wide. On the north side of Broad it is unimproved, partly closed, and used principally by pedestrians.

According to plaintiff's testimony, he left the sidewalk on the north side of Broad street on the proper line for pedestrian travel, and before he stepped from the curb he looked to his left (eastwardly), down Broad street, for traffic approaching from that direction. There was a car parked at the curb immediately to his left, and a Coca-Cola truck parked close by it in such a manner that it was "practically double parked," but that did not obscure his view of the street. When he looked to his left, he observed a car making a left turn from Broad into Lombardy street, and another car headed westwardly, standing in the intersection in such a position that it might have been waiting to make a left turn. Another witness for the plaintiff testified that there were two cars standing in the intersection. There was one at least. Before he left the curb plaintiff also saw the car of the defendants (which he afterwards ascertained was being driven by Schaaf) coming westwardly along the Broad street driveway, down below the safety zone east of the intersection of Lombardy street, and more than the width of the safety zone from the railway track. The safety zone in question is six feet wide and parallels the railway track for the distance of fifty feet. As he passed

the parked car and Coca-Cola truck on his way across Broad street, plaintiff again looked and saw defendants' car coming along by the safety zone, a distance from his then position in excess of sixty feet. In order to reach the westbound railway track, which he considered a place of safety, plaintiff had then to go a distance of twelve or fourteen feet. Plaintiff said he could make no estimate of the speed of the car, but Schaaf testified he was not driving over fifteen miles an hour, and plaintiff's witness, Lambert, testified he was driving thirty miles an hour. Although he saw the car coming, as above stated, believing that he had time to reach the railway track in safety, plaintiff proceeded on his way, and just as he stepped on the track defendants' car came to the left of the car standing in the intersection, suddenly swerved to the left, and struck plaintiff on the left side of his back, thereby knocking him in a diagonal direction between the two railway tracks and severely injuring him. Plaintiff's account of what happened at this immediate time is as follows:

"Q. From the time you got clear of the double parked truck up until the time you were struck, did this Schaaf car keep its same line of passage, or turn to the right or left, or what?

"A. It seemed to be coming along, looked to me about four feet from the car track all the way.

"Q. What did he do?

"A. When he got about four feet from me, he gave a short turn and hit me right in the back just as I stepped on the car track.

"Q. Which side of the car in the intersection did he go?

"A. On the left side. Just as I reached the car track, put my foot on the first rail, this car made a short turn (why I don't know) and hit me right in the back."

The plaintiff's eye-witness, Lambert, testified on the point as follows:

"Q. Will you please state what happened?

"A. Me and Mr. Traylor came through from the British-American to Broad street. There he left me and I was standing on the pavement when he crossed. Three cars came up to turn left on Lombardy street. One car made the turn, and then the car—I didn't see it until it came out from behind the other two standing there. He came out. Then Mr. Traylor had got across into the car track. This car come out from behind two cars standing there and struck him and knocked him in between the two car tracks, practically on to the eastbound track.

"Q. Did this car that struck Mr. Traylor go to the right or the left of those two cars that were standing, apparently to make a left turn?

"A. Went to the left of them."

The only material conflict in the evidence is furnished by the defendants' witness, Schaaf, who gave a different account of his action, but as his evidence on the subject was obviously disregarded by the jury, and is not relied on by the defendants in support of their contention, a recital of his testimony seems unnecessary. The sole question we are called upon to decide is whether or not we should hold that the plaintiff was guilty of contributory negligence, under the facts and circumstances above stated, as a matter of law.

In the case of *Core* v. *Wilhelm*, 124 Va. 150, 98 S. E. 27, 28, where the plaintiff was struck by an automobile at a street crossing in the city of Norfolk, Judge Burks said: "The rights of the plaintiff and of the defendant at the crossing were equal and reciprocal. Neither had the right of way over the other, and each had the right to assume that the other would discharge the duty imposed upon him. The rule of 'look and listen' applicable to grade crossings of steam railroads is not applicable to cases of this kind. The measure of duty imposed upon a pedes-

trian about to cross a city street, where motor vehicles of all kinds are frequently passing, is that he shall use such care as a person of ordinary prudence would use under like circumstances, and whether or not he did use such care is ordinarily a question for the jury. *Va. Ry. & Power Co.* v. *Boltz*, 122 Va. 649, 95 S. E. 467. Of course, he cannot blindly or negligently expose himself to danger, but he is not required to be continuously looking and listening to ascertain if automobiles are approaching, under penalty that upon failure to do so, if he is injured his negligence must be conclusively presumed. *Hennessey* v. *Taylor*, 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345, 4 Ann. Cas. 396; *Shea* v. *Reems*, 36 La. Ann. 966." See, also, *Green* v. *Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486; *Smith* v. *Va. Ry. & Power Co.*, 144 Va. 169, 131 S. E. 440.

In *Newport News & O. P. Ry. & Electric Co.* v. *Bradford*, 99 Va. 120, 37 S. E. 807, 808, it is said: "Ordinary care does not require one absolutely to refrain from exposing himself to peril. But it does require such watchfulness and precaution to avoid coming into danger as a person of ordinary prudence would use for his own protection under the same circumstances, in view of the danger to be avoided."

"The law does not require a person to know that he is absolutely safe before taking a given course of action * * *; he is only required to exercise ordinary care to avoid accident—such care as a reasonably prudent person would exercise under like circumstances." *Norfolk & Portsmouth Traction Co.* v. *Forrest's Adm'x*, 109 Va. 668, 64 S. E. 1034, 1038.

In the case at bar the plaintiff looked before he left the sidewalk and saw the car in question coming below the safety zone, which according to the evidence must have been more than 110 feet away. As he came from behind the Coca-Cola truck he again looked, and saw the car coming along by the safety zone in the regular and proper

course for vehicular traffic, more than the width of Lombardy street away. At this time one or more automobiles were standing in the intersection in a position to make a left turn into Lombardy street. Plaintiff had then only to walk twelve or fourteen feet to get to the westbound railway track, where he would be outside the regular and orderly line of automobile traffic, and presumably safe from that element of danger. In doing this he had the right to assume that the person driving defendants' car would, on account of the traffic conditions existing at the intersection, either stop his car until the way was clear, or at least proceed with due and proper regard for the rights of the pedestrians crossing there. Instead of observing either of these precautions, Schaaf came to the left of the car standing ahead of him, then suddenly made a short turn to the left, and ran into the plaintiff after he had gotten across the driveway to a place where he had reasonable grounds to believe, under the conditions, he would be secure from being struck by defendants' car.

In view of all the facts before us, the most that can be said in defendants' favor is that the question of whether or not the plaintiff used ordinary care and prudence under the circumstances was one to be submitted to the jury, under proper instructions from the court, as it appears was done. Such being the case, and the verdict of the jury being amply supported by the evidence and approved by the trial court, it is conclusive.

In support of their argument, counsel for defendants chiefly rely upon the cases of *Stephen Putney Shoe Co.* v. *Ormsby's Adm'r*, 129 Va. 297, 105 S. E. 563, 565, and *Meade* v. *Saunders*, 151 Va. 636, 144 S. E. 711.

We think it can be easily seen from the opinions in these two cases that the facts upon which they were based bear little similarity to the case here. In the *Ormsby Case*, plaintiff's intestate came out of the Capitol Square, in

Richmond, and apparently without looking stepped from the curb at Ninth street, at its intersection with Grace street, immediately in front of a rapidly moving truck. As the court justly said, "if he did look he was bound to see the truck, and was negligent as a matter of law in stepping in front of it; and if he did not look, his negligence as a matter of law is none the less apparent."

In the *Saunders Case*, the plaintiff was crossing Broad street, in Richmond, in the nighttime. When he left the sidewalk he looked to his left and saw an automobile coming toward him, what he considered to be half a block away. Without looking again, he walked slowly across the street, with his head down, and when he had gotten about half way between the curb and the eastbound car track, in the middle of the lane provided for vehicular traffic, he walked into the rear of defendant's car. He did not himself know how the accident happened, or how he was injured. The action of the trial court in setting aside the verdict and entering judgment for the defendant was therefore approved.

From the brief statement of the facts of the cases referred to, we think it quite apparent that they are not in any sense controlling of the instant case, and therefore have no material application to it. It would serve no useful purpose to discuss the other authorities cited by counsel.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*

EPES, J., dissenting.