# Richmond

L. W. BURCH v. STANCIE RICHARDSON.

April 7, 1933.

Present, All the Justices.

The opinion states the case.

*Williams, Loyall & Taylor,* for the plaintiff in error.

*Tom E. Gilman* and *James G. Martin,* for the defendant in error.

EPES, J., delivered the opinion of the court.

This is an action, instituted by notice of motion for judgment, brought by Stancie Richardson against L. W. Burch to recover damages for personal injuries which she claims to have received when she was struck by an automobile driven by Burch. The jury returned a verdict for the plaintiff for $3,000, upon which the court entered judgment. To this judgment Burch has been allowed a writ of error.

His assignments of error are that the court erred in giving instruction 4-P asked for by the plaintiff, in refusing certain instructions asked for by the defendant, and in refusing to set aside the verdict on the grounds (1) that the court had erred in instructing the jury, and (2) that plaintiff's own evidence shows, as a matter of law, that she was guilty of contributory negligence which barred a recovery by her. The determination of whether there was reversible error or not depends upon the evidence.

While the court does not in all respects approve the instructions given, it is of opinion that the court committed no reversible error in giving or refusing instructions. It is further of opinion that the evidence is ample to support a verdict finding the defendant guilty of negligence and does not, as a matter of law, show that the plaintiff was guilty of contributory negligence. *Virginia Elec. & Power Co.* v. *Blunt's Adm'r,* 158 Va. 421, 163 S. E. 329; *Ebel* v. *Traylor,* 158 Va. 557, 164 S. E. 721; *Heindl* v. *Perritt,* 158 Va. 104, 163 S. E. 93.

What has been said in the above paragraph expresses the opinion of all the justices except that of the writer (Justice Epes). He is of opinion that this case is distinguishable from all the cases above cited, and that the plaintiff's evidence shows, as a matter of law, that she was guilty of contributory negligence.

The judgment of the trial court will be affirmed.

*Affirmed.*