## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HAYES AND WIFE v. VA. MUTUAL PROTECTION ASSOCIATION.

### February 16, 1882.

1. EVIDENCE—*Husband and wife.*—By common law (unaltered by Code 1873, ch. 172, §§ 21 and 22), they cannot testify for or against each other, but each may testify in his or her own behalf.

2. IDEM—"*Married women's act.*"—Under this act all property acquired before or after marriage, by *feme,* is for her separate use. Suit to recover it is for her sole benefit. Though she is required to join her husband in it, he has no interest in it, and she, *not he,* is bound for the costs. She is a competent witness in the suit.

3. IDEM—*Practice.*—In action in name of one for use of another, it is usual to state the fact in the declaration, or on it, or on the writ. But this is not necessary. The endorsement may be made at any time during progress of the suit. And whether so endorsed or not, the party for whose use the suit is, if the fact appear of record, is bound for the costs.

4. PRACTICE—*Plea of non est factum* goes only to the execution of the writing, as where it is void in law. Under it any fraud in the execution may be shown. Fraud in its procurement could not lie, but must be set up by special plea under the statute.

5. IDEM.—*Estoppel* may be given in evidence by plaintiff only when the defence is the general issue. When defence is by special plea, matter of estoppel must be set up in special replication.

6. MARRIED WOMAN—*Policy—Case here.*—Father took out policy on his life for use of his daughter in 1877, and died. Daughter and her husband sued on the policy. She was offered as witness and refused. Defendant plead *non est factum;* and two special pleas (both same in effect), that in application of assured it was stated that the age of assured was fifty-nine years, when in fact he was much older. During trial, on motion of defendant, court instructed jury that if from the evidence they believed assured was more than fifty-nine years old at time of his application, they should find for defendant. Verdict: "We, the jury, find for the defendant on the *issue* joined." Plaintiffs moved in arrest of judgment. Motion overruled. Judgment for defendant. Plaintiffs except.

HELD:

1. The wife was competent to testify in the cause.
2. There was no evidence applicable to the plea of *non est factum.*
3. The single question was : " Was assured older than he represented himself in the application " ?    This the pleas set up.
4. The instructions were proper.  In substance the court instructed the jury that if, from the evidence, they believed those pleas proven, they must find for the defendant.
5. If plaintiffs meant to rely on any matter of confession and avoidance, in answer to the pleas, they should have replied specially.
6. Motion in arrest of judgment properly overruled.  A finding on all the issues was intended.

Error to judgment of circuit court of Richmond city in action of covenant brought by James Hayes and Mary Hayes, his wife, against the Virginia Mutual Protection Association on a policy of life insurance taken out by Patrick McNamara on 6th November, 1877, for the sole benefit of his daughter, the said Mary Hayes.   The other facts and the pleadings necessary for a proper understanding of the case are stated in the opinion of the court.

*W. W. & B. T. Crump,* for the appellants.

*John A. Coke* and *Robert E. Scott,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The obligation of the association, the defendant in error, in its policy of insurance, is to pay the money, an amount not exceeding $5,000, for which this suit is brought, to Mary Hayes, or her legal representative, within ninety days from the filing proof of the death of Patrick McNamara, whose life is insured for the benefit of said Mary Hayes, who is his daughter.

By the act of assembly, "securing to married women on conditions all property acquired by them before or after

marriage, approved April 4, 1877" (Session Acts, 1876–7, page 333), this *chose* in action was the property of the said Mary Hayes for her sole and separate use, and she may bequeath the same as if she were unmarried, and it is not liable to the debts or liabilities of her husband. He has no interest in it whatever. It is the sole and separate interest of his wife, which is in no way subject to his control. But she is required by the statute to join her husband with her in any action for its recovery; though by section 3 of said act, in the event of her husband refusing, or being incompetent to unite in the conveyance or disposal of her separate estate, she may in her own name, or by her next friend, file a bill in equity. That was the object of this suit. This act was in force when the policy in this case was issued, which is dated the 6th of November, 1877. The amendment to this act, approved March 14, 1878 (Session Acts of 1877–78, p. 247) makes no change in the law in effect as hereinbefore set out.

This suit was brought in the name of James Hayes and Mary Hayes, his wife, the wife having joined his name with hers as plaintiff, as required by the statute. Does that render her incompetent to testify in her own behalf?

At common law husband and wife are incompetent to testify for or against each other; and this rule is not altered by the statute removing incompetency by reason of interest. (Code of 1873, chapter 172, sections 21 and 22.) The exception as to the competency of husband and wife is, "as witnesses for or against each other." Neither by the common law nor by statute is either incompetent to testify in his or her own behalf, but not for or against the other. The husband is no party to the policy, and has no right, title or interest under it. The money, if recovered, is exclusively the wife's, and must be paid to her or her personal representative. And it is her action to recover it. Her husband is joined with her, not because of any inte-

rest he has in the subject, or from choice, but because the statute required it, to give her a remedy for *her* rights. The suit is for her exclusive benefit, and her husband is a mere nominal party only for conformity to the statute, without any interest in the subject matter of the suit. If she testifies in the case, it is on her own behalf, and not for or against her husband.

But it is contended though he may not be interested in the subject matter of the suit, he is liable for the costs if it goes against her, and is interested in that respect in the result of the suit, and that there is a judgment against him in the court below for the costs. If he is not liable, that judgment is erroneous, and can now be reviewed and set aside. Is he liable for costs ?

The husband is joined as plaintiff because the statute requires the remedy—*the wife's remedy*—to be prosecuted in that way. And as he has no legal interest in the subject, it could hardly have been intended to impose a burden upon him, such as liability for costs in the event of the failure of the suit. It would seem that the judgment for costs should be against the wife only.

If the suit had been brought in the name of Hayes and wife for the benefit of Mary Hayes, she alone would have been liable for costs under our statute (Code of 1873, chap. 181, section 9), which provides that " where a suit is in the name of one person for the benefit of any other, if there shall be a judgment for defendant, costs shall be against such other." It as evidently appears from the face of the record that this suit was brought for the benefit of Mrs. Hayes as it would if such endorsement had been made upon the writ or the declaration. Though the suit is in the name of husband and wife, it is evidently for the benefit of the wife alone. It was said by Judge Moncure, in *Clarksons* v. *Dodridge*, 14 Gratt. 44, "It is usual, when an action is brought in the name of one person for the use of

another, to state the fact in the body of the declaration, or by an endorsement thereon, or on the writ. And it is useful and convenient to do so.   *   *   *   But this [he says] is not necessary." The endorsement may be made at any time during the progress of the suit. It is sometimes not made until after an execution is issued, which is then endorsed for the benefit of the party for whose benefit the suit was brought. It could hardly be questioned that if this suit had been endorsed for the benefit of Mary Hayes, for whose use it was evidently brought, she would have been a competent witness to testify in her own behalf. It is a fair presumption under the law a suit for the use of Mary Hayes. It would seem to be sticking in the bark to hold that the person for whose benefit the suit was brought would be liable for the costs, if it were endorsed upon the writ or declaration that it was for his use; but if not so endorsed, he would not be liable, although it plainly appeared upon the face of the record that the suit was brought for his use. Under the married woman's act, this suit in the name of husband and wife, is a suit for the benefit of the wife alone, and it would seem to follow that she alone is liable for the costs if there be judgment for the defendant. But if it is not so, and there might be judgment against the husband for costs, we think the testimony of the wife would be in her own behalf nevertheless, and not for or against the husband. The act was passed for the benefit of the wife, and it is not reasonable to suppose that the legislature, by requiring the husband to be joined with her as plaintiff, intended to deprive her of the important privilege of testifying in her own behalf —a restriction which might defeat the settlement to her separate use, which it was the object of the act to secure. From the best consideration we have been able to give the subject, we are of opinion that Mary Hayes was a competent witness to testify in her own behalf, and that the court erred in excluding her testimony.

The second error assigned is the instructions given to the jury. Were they erroneous under the pleadings and proofs?

There were three pleas. The first, the plea of *non est factum.* The second and third, special pleas.

The second pleads the warranty by McNamara that his age was 59 years at his next birth-day—no more ; breach, that he was much more than 59 years old. By the third, the same fact is pleaded as a representative ; breach the same.

The first plea may be thrown out of the case, as there was no evidence to support it. The plea of *non est factum* is proper only when the matter relied on has reference to the *factum*—the execution of the writing—or where the writing is absolutely void in law, not merely voidable (4 Minor, 640). Under such plea, fraud in the execution may be shown, as that the paper was fraudulently substituted for another, or that the paper signed was misread, &c., &c. There was no such evidence in this case. If it was intended to rely by way of defence on fraudulent conduct or representations of McNamara in procuring the policy, the defence could only be made by special plea under the statute, that the policy was fraudulently procured. No such defence could be made under the general plea of *non est factum ;* and that issue being out of the case, the instructions were properly narrowed to the issues presented by the two special pleas, which were virtually the same, the representations being substantially a warranty. The plaintiff's replication to them being general, the issues were narrowed to the enquiry whether McNamara, in his application, which the plaintiff set out in his declaration with the policy, and which is made a part and basis of the contract by the policy itself, represented that he was not over 59 years of age, and whether he was in fact more than 59 years of age at the date of the application ; and such

being the issue made by the pleadings, it seems to the court that the instructions given by the circuit court were properly given. The court, in substance, instructed the jury that if they believed these pleas were proved, they must find for the defendant. No question of fraud is raised by the pleadings. The question was—the single question—Was the insured older than he warranted or represented himself to be in the application? If the plaintiff intended to rely, by way of estoppel, upon the alleged knowledge of the company that McNamara was older than he alleged himself to be, or that the application was not signed by him, or by his authority, or upon any other matter by way of confession and avoidance, in answer to the pleas, such estoppel or other matter should have been replied specially. Matter of estoppel may be relied on in evidence by the plaintiff when the only defence is the general issue, for the reason that the estoppel in such case cannot be pleaded. But when the matter to which the estoppel applies is specially pleaded, then the estoppel must be specially replied or it cannot avail. See cases cited 7 Rob. Prac. 923, *et seq.*; *Davis* v. *Thomas*, 5 Leigh ; *Carroll County* v. *Collier*, 22 Gratt. p. 309.

Motion in arrest of judgment, we think, was properly overruled. A finding on all the issues, we think, was intended.

The court is of opinion to reverse the judgment for the error in refusing to admit Mrs. Hayes as a witness, and that, when the case goes back, the parties should be allowed, if desired, to amend the pleadings.

STAPLES, J. I am not prepared to concur in so much of Judge Anderson's opinion as declares the husband is not liable for costs. Upon that point I reserve my opinion. But although he may be liable for costs, I still think the wife a competent witness in her own behalf.

The judgment of the court was as follows:

The court is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in excluding the testimony of Mary Hayes on the trial of the cause. It is therefore considered by the court that the judgment of the court below be reversed and annulled, and that the plaintiffs in error recover their costs expended in the prosecution of the writ of error here. And this court proceeding to render such judgment as ought to have been rendered by the court below, it is considered that the verdict of the jury be set aside and a new trial granted the plaintiffs, and that the parties be allowed to amend the pleadings, if either of them desire it, before the new trial is had; and that if upon such new trial the said Mary Hayes is again offered as a witness in her own behalf, that she be allowed to testify in the cause.

JUDGMENT REVERSED.