## Staunton.

FADELEY'S ADMINISTRATOR v. WILLIAMS' ADMINISTRATOR,

SEPTEMBER 29, 1898.

Absent, Riely and Cardwell, JJ.

1. PLEADING AT COMMON LAW—*Beneficial Plaintiff—Not a Party of Record—Act of February 29, 1888.*—It is usual, though not necessary, when an action at common law is brought for the benefit of another, to state the fact in the body of the declaration, or to endorse it on the declaration, or the writ. But such statement is no material part of the pleadings. The beneficial plaintiff is not a party on the record, and hence does not come within the provisions of the act of February 29, 1888, extending the time within which certain actions must be brought.

2. SCIRE FACIAS—*Limitations—What Time Included—Fieri Facias.*—In computing the time within which a *scire facias* may be sued out under sec. 3577 of the Code, to revive a judgment, the time which elapsed between the first day of January, 1869, and the twenty-ninth day of March, 1871, is to be included, though the same period, by the terms of that section, is excluded as to writs of *fieri facias.*

Error to judgment of the Circuit Court of Shenandoah county rendered January 15, 1898, on a *scire facias*, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The original judgment in this cause was recovered in the name of "Mark Bird, use of P. Williams." Both Bird and Williams had died before this *scire facias* was sued out, and the *scire facias* was sued out in the name of Bird's executor for the use of Williams' administrators. Counsel for the defendant

in error insisted that there should be excluded, in computing the time within which the *scire facias* could issue, one year from the qualification of a personal representative of the nominal plaintiff, and also of the beneficial plaintiff—making two years—and also the period between January 1, 1869, and March 29, 1871, and the stay-law period, from April 17, 1861, to January 1, 1869, thus making the entire period to be excluded eleven years, eleven months, and twenty days. The return day of the original execution on which the sheriff had made a return was " on Monday before the second Tuesday in May next," which was May 7, 1860. The *scire facias* was issued March 20, 1890—twenty-nine years, ten months, and thirteen days after the return day of the execution. If the contention of defendant in error that eleven years, eleven months, and twenty days should be deducted be correct, then the *scire facias* was sued out in time, but if the period between January 1, 1869, and March 29, 1871, be excluded, then the *scire facias* was barred by limitation.

The only issues presented on the trial of the *scire facias* were made on the pleas of *nul tiel record*, and statute of limitations. On the plea of *nul tiel record* the evidence offered to support the plea consisted of the following:

" Endorsement on declaration.

 1860 Feb'y Dec. C. O. and cont'd.

   March C. O. C.

   *Fi. fa.* Issued March 21, '60."

" Extract from Judgment Lien Docket No. 1, page 177, No. 6.

   In the Shenandoah County Court, March Term, 1860.

" Mark Bird, use P. Williams,

  *vs.*

Eli Fadeley and Jacob Lautz.

" Judgment for Debt for the sum of $833.33⅓, with interest on the same from May 10th, 1854, and $7.56 costs.

" Docketed March 24th, 1860."

Opinion.

There was also introduced a copy of the execution which issued on the judgment, the sheriff's return thereon, and the following agreement of counsel:

"It is admitted, in lieu of a certificate of facts proved, that in March, 1860, and up to 1870, it was the universal custom in the County Court of Shenandoah county not to extend an office judgment formally, if at all, upon the common law order book, and also that the rule book of said court covering that period has been lost and disappeared for years from said office."

*Walton & Walton* and *Barton & Boyd*, for the plaintiff in error.

*John J. Williams*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a proceeding to revive a judgment by *scire facias.* The defence relied on is the statute of limitation. The period which elapsed between the return day of the execution (on which there was a return by the sheriff showing that it had not been satisfied) and the suing out of the *scire facias* was twenty-nine years, ten months, and thirteen days. From this is to be deducted the time during which the statute of limitations did not run, as is provided in sec. 2919 of the Code, as amended by act of Assembly approved February 29, 1888 (Acts 1887–'8, pp. 345–6). But in ascertaining that time, the period of one year from the qualification of the personal representatives of the beneficial plaintiff in the judgment cannot be included, as counsel for defendants in error insists. It is usual, when an action is brought in the name of one person for the benefit of another, to state that fact in the body of the declaration, or to endorse it thereon, or on the writ. It is useful and convenient to do so to give notice to the defendant of the rights of the beneficial plaintiff, and to enable the court to

protect him by its orders; but this is not necessary. The statement is no material part of the pleadings. The cause of action is complete without it, for he is not a party on the record. *Clarkson* v. *Doddridge,* 14 Gratt. 42, 45–6; *Hayes and Wife* v. *Mutual Protection Association,* 76 Va. 225; 4 Minor's Inst. (3d Ed.), 970–1. And, not being a party on the record, he does not come within the provisions of the act of February 29, 1888.

The judgment sought to be revived was barred by the statute of limitations, unless, as is contended by counsel for the defendants in error, there be omitted, in computing the time under sec. 3577 of the Code, the time which elapsed between the first day of January, 1869, and the twenty-ninth day of March, 1871.

Section 3577 is as follows:

"On a judgment, execution may be issued within a year, and a *scire facias* or an action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be issued, or a *scire facias* or an action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return; except that where the *scire facias* or action is against the personal representative of a decedent, it shall be brought within five years from the qualification of such representative; and in computing time under this section, there shall, as to writs of *fieri facias,* be omitted from such computation the time elapsed between the first day of January, eighteen hundred and sixty-nine, and the twenty-ninth day of March, eighteen hundred and seventy-one. Any return by an officer on an execution showing that the same has not been satisfied, shall be a sufficient return within the meaning of this section."

It is conceded that a *scire facias* is not within the letter of that provision of the section which excludes from computation the time between January 1, 1869, and March 29, 1871; but it is insisted that it is within the intent of the Legislature, and that the court should give effect to that intent. A careful examination of that section of the Code and of its history will show, we think, that the Legislature had no such intent.

Section 12, ch. 186, of the Codes of 1849 and of 1860, was in these words:

"On a judgment, execution may be issued within a year, and a *scire facias* or action may be brought within ten years after the date of the judgment, and where execution issues within the year, other executions may be issued, or a *scire facias* or action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return; except that where the *scire facias* or action is against the personal representative of a decedent, it shall be brought within five years from the qualification of such representative."

On November 5, 1870, an act was passed which provided, among other things, that in computing time under that section there should be omitted, as to writs of *fieri facias*, the time which had elapsed between the first day of January, 1869, and the eighteenth day of February, 1870. Acts 1869–70, p. 569.

By an act approved March 29, 1871, the section itself was amended and re-enacted so as to provide that, in computing time under it, there should be omitted, as to writs of *fieri facias*, the time which had elapsed between the first day of January, 1869, and the date of the amendment. Acts 1870–71, p. 341.

That act, with an immaterial omission, and an addition which does not affect the question now under consideration, is found in the Code of 1887, as sec. 3577.

If these several legislatures, or the revisors (who did their work so admirably) had intended that, in computing time under that section, the same period should be omitted from computation as to writs of *scire facias* or actions on judgments as was to be omitted as to writs of *fieri facias*, they would have used some language to indicate such intent. Not only is there nothing in either of those acts, or in sec. 3577 of the Code, to show that it was so intended, but each shows that there was no such intention. If there had been, it was only necessary to provide generally that, in computing time under that section, the period named should be excluded. Such a provision would have been as broad as the statute, and would have applied alike to writs of *fieri facias*, writs of *scire facias*, and actions on judgments. This was not done; but, on the contrary, the Legislature, in passing the acts of November 5, 1870, and March

29, 1871, expressly limited the time which was to be excluded from computation to writs of *fieri facias*.

We are of opinion, therefore, that the provision in question only applies to writs of *fieri facias;* that the judgment sought to be revived was barred by the statute of limitations when the *scire facias* was sued out, and that the Circuit Court erred in not so holding. Its judgment must be reversed and set aside, and this court will enter such judgment as the Circuit Court ought to have entered.

*Reversed.*