# Richmond.

## BENJAMIN H. SMITH v. VIRGINIA RAILWAY AND POWER COMPANY, WHO SUES IN THE NAME OF WILLIE LEE STRATTON.

January 14, 1926.

1. WORKMEN'S COMPENSATION ACT—*Acts of 1920, Section 12—Liability of Third Party—Subrogation of Employer to Rights of Employee—Right of Employer to Sue in His Own Name.*—The first clause of section 12 of the Workmen's Compensation Act of 1920 (Acts of 1920, page 256), providing that the acceptance of the act by the employer and employee shall exclude all other rights and remedies of employee, refers only to the remedy of an employee against his employer, and it is only his right to sue his employer for damages which is barred by the acceptance of compensation under the act and not his right against a third party. The last clause of section 12 refers to an entirely different right, and subrogates the employer who has paid compensation to his employee under the act to the right to enforce any legal liability against such other party as may be liable in damages for the injury. The employer is not only subrogated to any such right of the employee to enforce any such legal liability against another, but the statute in express terms provides that he may enforce it in his own name or in the name of the injured employee, or his personal representative.

2. WORKMEN'S COMPENSATION ACT—*Subrogation—Action by Employer in Name of Servant Against a Third Party—Amendment of Pleading—Case at Bar.*—In the instant case, an action for personal injuries, defendant filed a plea alleging that under provisions of section 12 of the Workmen's Compensation Act (Acts of 1920, page 256) the plaintiff could not maintain his action, the said action having by operation of section 12 been assigned to plaintiff's employer and asking that the action be dismissed. The court refused to dismiss the action but permitted plaintiff to amend his motion by inserting in appropriate places "Virginia Railway and Power Company, who sues in the name of Willie Lee Stratton."

*Held:* That it was not necessary to amend the notice of motion. Every interest which the defendant had would have been fully protected by endorsing the writ or the declaration with the statement that the action of Stratton was for the benefit of the Virginia

Railway and Power Company, as its interest might be shown. This is the common and approved practice in this State.

3. WORKMEN'S COMPENSATION ACT—*Subrogation of the Employer to the Right of Employee—Rights of Negligent Third Party.*—The Workmen's Compensation Act, section 12 (Acts of 1920, page 256) subrogating the employer to the rights of the employee, was not enacted for the benefit of the negligent third party; he has slight interest in it. He remains liable for the entire amount of such damages as may be lawfully recovered of him. The most that he could possibly claim is that after judgment he would be interested in having the proper apportionment made between the employer who has paid the compensation and the employee, if the recovery against him should exceed the amount paid to such employee under the compensation act.

4. LIMITATION OF ACTIONS—*Workmen's Compensation Act—Subrogation— Substituting Subrogated Employer for Employee—Case at Bar.*—In the instant case, an action for personal injuries, defendant filed a plea alleging that under provisions of section 12 of the Workmen's Compensation Act (Acts of 1920, page 256) the plaintiff could not maintain his action, the said action having by operation of section 12 been assigned to plaintiff's employer and asking that the action be dismissed. The court refused to dismiss the action but permitted plaintiff to amend his motion by inserting in appropriate places, "Virginia Railway and Power Company, who sues in the name of Willie Lee Stratton." This amendment, while not necessary, may have been appropriate. It was only allowed because the defendant directed attention to the statute and that the employer had thereby subrogated to the rights of the plaintiff. This was not the institution of a new action and it follows that if the action was not barred by the statute of limitations, it was not barred by reason of this amendment.

5. AUTOMOBILES—*Negligence—Contributory Negligence of Plaintiff—Driving Automobile between Standing Car and Sidewalk at a Fast Rate of Speed— Case at Bar.*—In the instant case, plaintiff, a street car driver, left his own car and started across the street to the sidewalk. His view was obstructed by another street car standing on the tracks. As he stepped into the space between the standing car and the sidewalk, he looked and saw an automobile which defendant was driving rapidly approaching, and was struck and injured by it. Defendant contended that, not looking before he stepped from behind the standing car, plaintiff was guilty of contributory negligence. Defendant was clearly guilty of negligence in driving his automobile through the narrow space between the standing car and the sidewalk at a rate of speed in violation of the city ordinance.

*Held:* Defendant was only entitled on this evidence and his own denial of excessive speed to have the question of plaintiff's contributory negligence fairly submitted to the jury, which was done.

6. AUTOMOBILES—*Rights of Pedestrians and Automobile—Ordinary Care by Pedestrians—Case at Bar.*—Pedestrians have equal rights in streets with automobiles, as the automobile, unlike a street car, is not confined to its course by iron rails, but its direction may be changed at the will of the driver. Whether plaintiff, a street car driver, after leaving his own car was justified in attempting to cross the few feet which separated him from the sidewalk, when his view was obstructed by another car standing on the tracks, and whether in so doing he was using such care as an ordinary prudent person would use under the same circumstances, were questions of fact for the jury.

Error to judgment of the Hustings Court, Part Two, of the city of Richmond, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*S. L. Sinnott*, for the plaintiff in error.

*Wise & Richardson, Norman L. Flippin* and *T. Justin Moore*, for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

Benjamin H. Smith complains of an adverse verdict and judgment in an action against him to recover damages for personal injury suffered by Willie Lee Stratton, because struck on Seventh street between Perry and Porter streets, Richmond, by an automobile driven by Smith.

The evidence relied on by the plaintiff shows that there are double street car tracks on Seventh street at the place where the injury occurred. On the southeastern corner of Seventh and Perry streets is the terminal station of the Petersburg car line, facing Perry street, and extending eastwardly from Perry

street along Seventh to Porter street. The distance from the curb line of the sidewalk adjoining this building to the nearest eastbound rail of the street car track is nine feet three inches. At the time, one of the large type interurban Petersburg street cars was standing on this eastbound track opposite the station, and the side of this car extended eighteen inches beyond the rail, so that the distance between the side of this street car and the curb on Seventh street was seven feet nine inches. It was through this narrow space between this Petersburg car and the curb line that Smith drove his automobile at a speed estimated by the plaintiff's witnesses at twenty-five miles an hour, in violation of the city ordinance both as to speed and care.

Stratton, a motorman of an old type Clay street car, had his car standing in Seventh street on the westbound track, the front of his car being about twenty feet distant from the front of the Petersburg interurban car. He stepped from the Clay street car upon the space between the westbound and the eastbound tracks, on to the eastbound track, thence across the eastbound track, and as he arrived at a point twenty feet east of the Petersburg car he looked west along Seventh street and at the same time stepped across the south rail of the eastbound track. He then, for the first time, saw Smith's rapidly approaching automobile in the narrow space between the Petersburg car and the curb on Seventh street. The automobile was five feet, six inches in width, so that if Smith was driving in the center of this restricted space, then the space between the side of the automobile and the side of the Petersburg street car was only thirteen and one-half inches. He was driving the automobile through this narrow way at about twenty-five miles an hour,

though the maximum speed under all circumstances at
that point along Seventh street was by ordinance
limited to not more than fifteen miles an hour.

Assuming the estimated distances to be correct, at
the time Stratton stepped over the southern rail of
the eastbound track the defendant's car was twenty-
five feet away. Stratton attempted to withdraw and
fall back, but was struck before he could do so. The
automobile, after striking Stratton, passed from three
to five feet beyond him, so that as it was about ten or
eleven feet in length, the distance which the automo-
bile traveled after Stratton saw it was about forty
feet.

Smith testified that he gave the proper warning
signals, was not exceeding the speed limit as fixed by
ordinance, and that his automobile could be stopped in a
distance of between fifteen and twenty feet had he
been going ten miles an hour; but he denied that he
was operating the car at that speed. There is evidence
that the automobile skidded before it stopped, and
this, if true, leads inevitably to the conclusion that
Smith saw Stratton when he was some distance away
from him and was making an effort to stop the car at
the time he struck him. If this be true, he was travel-
ing at an excessive rate of speed; if it be untrue, and
his statement that he did not see Stratton until the
instant of the injury be true, then he was negligent in
failing to keep a proper lookout.

Stratton, as an employee of the Virginia Railway and
Power Company, was paid compensation from time
to time under the workmen's compensation act, as
awarded by the Industrial Commission.

The first assignment of error refers to questions of
procedure, and is thus stated: "It is the contention
of the defendant that the court was in error in refusing

to sustain defendant's motion to dismiss and in allowing the Virginia Railway and Power Company to be substituted as party plaintiff in lieu of the original plaintiff, and in overruling defendant's plea of the statute of limitations. Because these errors are so closely related, they will be treated in one assignment. As above shown, the defendant filed a plea alleging that under the provisions of section twelve of the workmen's compensation act of Virginia, the plaintiff could not maintain his action, said action having by operation of law been assigned to the Virginia Railway and Power Company."

So much of section twelve of the act which was in force at the time of the accident as is pertinent reads thus:

"The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise on account of such injury, loss of service or death.

"The making of a lawful claim against an employer for compensation under this act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. The amount of compensation paid by the employer or the amount of compensation to which the injured em-

ployee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages, but any amount collected by the employer under the provisions of this section in excess of the amount paid by the employer or for which he is liable shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorney's fees. Provided, that no compensation compromise settlement shall be made by the employer or insurance carrier in the exercise of such right of subrogation without the approval of the Industrial Commission and the injured employee or the personal representative or dependents of the deceased employee being first had and obtained."

The next clause of the statute provides for the like subrogation of the insurance carrier, if it has paid the compensation to the injured employee. Acts 1920, page 256.

This motion was instituted in the name of Willie Lee Stratton, the injured employee, on April 2, 1923, the injury having occurred August 16, 1922. On October 29, 1923, which was more than one year after the date of the accident, the defendant, Smith, filed a special plea, alleging that Stratton was an employee of the Virginia Railway and Power Company, and as such had received compensation under the workmen's compensation act on account of his injury, and that therefore Stratton could not maintain the action since the Virginia Railway and Power Company had been by the statute subrogated to his rights, and moved the court to dismiss the proceeding.

The plaintiff filed a replication to this special plea, to the effect that the case should not be dismissed because it is an action brought by the Virginia Rail-

way and Power Company in the name of Stratton, and under the provisions of section twelve of the workmen's compensation act it is provided that the employer may enforce in his own name, or in the name of the injured employee, the legal liability of some other party. Upon the filing of this replication, the defendant, Smith, moved the court to dismiss the suit. This the court refused to do, but permitted the plaintiff to amend his notice of motion by inserting at appropriate places "Virginia Railway and Power Company, who sues in the name of Willie Lee Stratton." Thereupon the defendant, Smith, filed his plea of the statute of limitations, which plea the court rejected.

[1] The contention is that Stratton could not maintain the action because of the first clause of section twelve of the act, hereinbefore quoted. That clause, however, refers only to the remedy of an employee against his employer, and it is only his right to sue his employer for damages which is barred by the acceptance of compensation under the act. No argument to support this conclusion is necessary, as it seems to us, because he who runs may read it in the statute.

The next clause of the section quoted refers to an entirely different right, and subrogates the employer who has paid compensation to his employee under the act to the right to enforce any legal liability against such other party as may be liable in damages for the injury. The employer is not only subrogated to any such right of the employee to enforce any such legal liability against another, but the statute in express terms provides that he may enforce it "in his own name or in the name of the injured employee, or his personal representative."

The citation of other cases relating to actions in the

name of one party for the benefit of another affords
little aid, because the determination of the question
here raised depends upon the construction of this
particular statute.   The purpose is so clearly expressed
in the statute that we find ourselves unable to appre-
ciate the contention.   This action can be maintained
because the power of the State to authorize it cannot
be doubted, and by the language used this power has
been exercised.   That which is manifest certainly re-
quires no demonstration.   It is so evident from our
own statute that such an action against a third person
may be brought, either in the name of the injured
employee or in the name of the employer, that we
do not think it necessary to review the cases from other
jurisdictions in which such questions have been raised.
Among these are, *Lowe* v. *Morgan's Louisiana & T.
R. & S. S. Co.*, 150 La. 29, 90 So. 429; *Muncaster* v.
*Graham Ice Cream Co.*, 103 Neb. 379, 172 N. W. 52;
*Thomas* v. *Otis Elevator Co.*, 103 Neb. 401, 172 N. W.
53; *Lancaster* v. *Hunter* (Tex. Civ. App.), 217 S. W.
765; *Hall* v. *Southern Pacific Co.*, 40 Cal. App. 39, 180
Pac. 20; *Gones* v. *Fisher*, 286 Ill. 606, 122 N. E. 95,
19 A. L. R. 760.

We observe that the Nebraska court, in *Muncaster*
v. *Graham Ice Cream Co.*, 103 Neb. 381, 172 N. W. 52; in
upholding the right of the injured employee to maintain
an action against a third party, says:   "Evidently the
intent of the legislature was not to limit an employee to
the recovery only of the workmen's compensation act;
but when, as a matter of justice, the employee was
entitled to recover a greater compensation than is pro-
vided for in the act, then he had the right to proceed
under the provisions of section 3659, and to recover
as much as a jury would warrant for his damages and
injuries, and after so recovering, to deduct therefrom

the necessary expenses which his employer had been to, in paying out under the provisions of the act." In *Thomas* v. *Otis Elevator Co.*, 103 Neb. 401, 172 N. W. 53, the court said this: "The first complaint made is that the plaintiff had no right to bring the action in his own name under section 3659, Rev. St. 1913. In *Muncaster* v. *Graham Ice Cream Co.* (103 Neb. 379, 172 N. W. 52) it was decided that the statute did not take away the right of the employee to recover damages against a third person when the relation of master and servant does not exist; that the section was designed for the protection of an employer who had paid the compensation; that, if the employer's rights were protected, it was no concern of the negligent third party."

[2, 3] The statute subrogating the employer to the rights of the employee was not enacted for the benefit of the negligent third party; he has slight interest in it. He remains liable for the entire amount of such damages as may be lawfully recovered of him. The most that he could possibly claim is that after judgment he would be interested in having the proper apportionment made between the employer who has paid the compensation and the employee, if the recovery against him should exceed the amount paid to such employee under the compensation act. So, in this case, it was not necessary to amend the notice of motion. Every interest which the defendant had would have been fully protected by endorsing the writ or the declaration with the statement that the action of Stratton was for the benefit of the Virginia Railway and Power Company, as its interest might be shown. That this is the common and approved practice in this State is shown by several cases. *Garland* v. *Richeson*, 4 Rand. (25 Va.) 266; *Clarkson* v. *Doddridge*, 14 Gratt. (55 Va.) 42; *Hayes* v. *Mutual Protection Association*,

76 Va. 228; *Fadeley* v. *Williams*, 96 Va. 397 and *Consumer's Ice Co.* v. *Jennings*, 100 Va. 722, 42 S. E. 879, where this from *Fadeley* v. *Williams* is quoted: "It is usual when an action is brought in the name of one person for the benefit of another to state that fact in the body of the declaration, or to endorse it thereon, or on the writ. It is useful and convenient to do so to give notice to the defendant of the rights of the beneficial plaintiff, and to enable the court to protect him by its orders, but this is not necessary. The statement is no material part of the pleading. The cause of action is complete without it, because he is not a party on the record.

[4] The amendment which the court allowed, while not necessary, may have been appropriate. It was only because the defendant directed attention to the statute, and that the Virginia Railway and Power Company had been thereby subrogated to the rights of the plaintiff to the extent of the compensation which it had paid him, that the amendment was allowed. This was not the institution of a new action and was germane. It follows from this that the plea of the statute of limitations was properly rejected.

We find no error in the procedure.

The second assignment of error is thus phrased: "The court erred in refusing to grant the motion of the defendant to set aside the verdict of the jury because it was contrary to the law and the evidence, and erred in refusing to enter up final judgment for the defendant because it was shown by the undisputed testimony of the plaintiff that he was guilty of contributory negligence as a matter of law."

This requires us again to advert to the evidence in order to determine whether it supports this contention.

Stratton, who was a motorman of the Virginia Rail_

way and Power Company then on duty, thus describes the occurrence out of which the action arose:

"I went on duty at 2:50 p. m. and went down to the barn and got my car out and came out on what they term the westbound track, going towards Richmond, headed towards Richmond. After I got nearly or right close to the office I stopped my car to go over to check a new schedule on the Clay street line on that day. I went over to check the schedule to see what time the car that I was to follow was due at Seventh and Main. I started to check it to see. As I stepped off my car and walked across the track, the eastbound track, as I started—I stepped over the southbound rail and started to carry my body over, did carry my body up level, straight up to make the next step, I looked towards the Petersburg car and saw an automobile coming at a very rapid rate of speed about five feet from the front end of the Petersburg car, and I threw my body and head back and caught, or started to catch, or caught on my left foot and aimed to throw myself back, but, before I had time to take my foot off the ground, the automobile struck me and knocked me down."

Upon cross-examination, he repeats this account of the accident thus:

"Q. You couldn't see at all then?

"A. This street car obstructed the view.

"Q. Obscured the view, and you couldn't see up the street?

"A. No, sir.

"Q. Then you walked on to the south rail?

"A. Yes, sir.

"Q. Then, what did you do?

"A. I looked that way as I stepped over the right rail.

"Q. Did you look first or did you step first?

"A. I looked and stepped at the same time.

"Q. In other words, just as you got there, you threw your foot forward and at the same time looked. Is that correct?

"A. Yes, sir.

"Q. Then you didn't look before you stepped?

"A. No."

It is upon this last answer that the whole argument under the assignment is based, and it is said that because of this answer Stratton's contributory negligence is manifest, and therefore the action is barred. It must be remembered, however, that his vision was obstructed by the Petersburg car, and until he had reached the point where he could see the approaching automobile there was no reason for looking. The entire occurrence, with all of its details—that is, his stepping into the space between the westbound and the eastbound tracks, crossing the north rail of the eastbound track and thence to the south rail of that track—consumed but a few seconds. In these few seconds he had to determine by the use of his senses whether he could safely cross the few feet of street to the sidewalk. That situation is thus summarized in the petition: "On account of the Petersburg car being in the way, it was impossible for him, until he had reached the south rail of the eastbound track, to have a view of Seventh street west of the Petersburg car. The Petersburg car obstructed his view in that direction, until he had reached the rail. It was likewise impossible for a person coming down Seventh street going east in front of the Petersburg car station to see Stratton until Stratton had cleared the south rail and until the person going east on Seventh street

had gotten to the front of the Petersburg car." He saw the automobile twenty-five feet away, approximately; he could hardly have seen it sooner by the greatest care because of the obstruction.

Smith's account of his action during these few seconds is found in his statement that he did not see Stratton until he hit him. So that it would be unjust to hold that Stratton should have seen Smith and the rapidly approaching automobile many seconds sooner. The negligence of Smith in driving his automobile twenty-five miles an hour through the narrow space between the Petersburg car and the sidewalk, in violation of the city ordinance and under the conditions then existing there, coupled with his failure to see Stratton sooner, explain the casualty.

[5] The most favorable view which can be taken for Smith, under these circumstances, is that he was entitled, on this evidence and his own denial of excessive speed, to have the question of Stratton's contributory negligence fairly submitted to the jury. This right was fully accorded to him in the instructions to the jury, and their verdict, fully supported by the evidence, concludes this issue.

[6] The argument in support of this assignment fails to distinguish between those cases involving pedestrians injured upon the tracks of steam railroads, or possibly between pedestrians injured by street cars, and the modification of the rule which applies to pedestrians on the streets injured by automobiles. These latter have equal rights, and the automobile is not confined to its course by iron rails, but its direction may be changed at the will of the driver. Whether Stratton, after leaving his car, was justified in attempting to cross the few feet to the sidewalk, under the

circumstances shown, and whether in so doing he was using such care as an ordinarily prudent person would use under the same circumstances, were questions of fact for the jury. *Green* v. *Ruffin,* 141 Va. 628, 125 S. E. 742, 127 S. E. 486.

This is said in *Roanoke R. & E. Co.* v. *Loving,* 137 Va. 331, 119 S. E. 82 (being a collision between an automobile and a street car): "The law does not require a traveler, before proceeding, to ascertain whether a car is approaching, but to exercise reasonable care under the circumstances to ascertain whether it is approaching. It is shown in evidence that plaintiff's intestate looked (and it may be inferred from the evidence listened), as he turned and proceeded to cross the defendant's two railway tracks; that he crossed the east track eighteen feet in the rear of the northbound car and that the southbound car was over fifty-five feet away when he reached the west tracks; that if the car had observed the speed limit of six miles an hour the automobile would have had ample time to clear the tracks in safety. Under such circumstances it cannot be said that Loving, as a matter of law, did not exercise reasonable care."

This is said in *Newport News, &c. R. Co.* v. *Bradford,* 99 Va. 120, 37 S. E. 808: "Ordinary care does not require one absolutely to refrain from exposing himself to peril. But it does require such watchfulness and precaution to avoid coming into danger as a person of ordinary prudence would use for his own protection under the same circumstances, in view of the danger to be avoided."

The proposition is thus restated in *Norfolk & Portsmouth T. Co.* v. *Forrest,* 109 Va. 668, 64 S. E. 1038: "The law does not require a person to know that he is

absolutely safe before taking a given course of action; he is only required to exercise ordinary care to avoid accident—such care as a reasonably prudent person would exercise under like circumstances."

Citations to like effect could be multiplied, but the question presented needs no further elaboration.

*Affirmed.*