ELLIOTT v. ARMOUR & CO. et al.

ARMOUR & CO. v. SOUTHERN ICE CO.

No. 147.

District Court, E. D. South Carolina.

Nov. 25, 1939.

368

Stoney, Crosland & Pritchard, of Charleston, S. C., for plaintiff.

Buist & Buist, of Charleston, S. C., for defendant (third party plaintiff) Armour & Co.

A. T. Smythe, of Charleston, S. C., for third party defendant Southern Ice Co.

MYERS, District Judge.

This proceeding, instituted in the court of common pleas for Charleston county and now in this court under proceedings in conformity with the removal statute, was brought by the plaintiff in her capacity as administratrix under the South Carolina statute seeking damages for wrongful death of her intestate through alleged negligence and misconduct on the part of the defendant Armour & Company. The death of plaintiff's intestate is alleged to have been caused by the explosion of a hydrogen drum container, the property of the defendant Armour & Company, which had been shipped in due course with ammonia contents to the third party defendant, Southern Ice Company, in the city of Charleston,—the action against the defendant Armour & Company being based upon allegations that the container in question was old and defective and had not been properly tested and maintained. It is alleged that plaintiff's intestate was an employee of the Southern Ice Company, and was killed by the explosion of the container when filled with an explosive substance placed therein by the defendant Southern Ice Company after the contents of the cylinder at the time of its shipment by Armour & Company had been emptied therefrom.

The defendant Southern Ice Company was made a third party defendant upon application of the defendant Armour & Company under that portion of Rule 14 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which permits a defendant to move, on notice to the plaintiff, for leave, as a third party plaintiff, to serve a summons and complaint upon a person not a party to the action, "who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." There was no further resort to the provisions of Rule 14 by the plaintiff with respect to the right of amendment, it being admitted that Southern Ice Company, the employer of plaintiff's intestate, had satisfied all or any demands which might be made upon it by plaintiff's intestate, or by plaintiff as personal representative of its injured and now deceased employee, by an award and payment of an award under the South Carolina Workmen's Compensation Act. Act S.C. July 17, 1935, 39 St. at Large, S.C., p. 1231.

The matter is now before me for disposition on duly noticed motion of the third party defendant to dismiss the entire proceeding as barred under the South Carolina Workmen's Compensation Act, and a further motion to dismiss the third party defendant as in no way liable for any further demands by reason of the injury and death of its employee, plaintiff's intestate. Construction of the South Carolina Workmen's Compensation Act, particularly Paragraph 11 thereof, is made necessary. The Act as a whole is a compilation of provisions of Workmen's Compensation Acts of several States, and Section 11 reads as follows:

"§ 11. Employee or His Representative Cannot Get Relief from Employer Hereunder and Third Person—Relief from One Bars Alternate Remedy—Compensation of Minors Injured While Unlawfully Employed—Employer, on Filing Claim by Employee, Pursue Rights of Such Employee Against Others—Employee Entitled to Sums Recovered by Employer Over Com-

pensation Received from Employer—Insurance Carrier May Be Subrogated to, and Enforce, Rights of Employer.—The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Act, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employees, his personal representative, parents, dependents or next of kin, as against employer at common law, or otherwise, on account of such injury, loss of service, or death: Provided, however, That when such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this Act, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement and collection of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy. In all cases where an employer and employee have accepted the Workmen's Compensation Act, as hereinbefore provided, any injury to a minor while employed contrary to the laws of this State shall be compensable under this Act the same and to the same extent as if said minor employee was an adult.

"The acceptance of an award under this Act against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death; and such employer shall be subrogated to any such right, and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other party. If the injured employee, his personal representative or other person entitled so to do, has made a claim under this Act against his employer, and has not proceeded against such other party, the employer may, in order to prevent the loss of his rights by the passage of time, institute such action prior to the making of an award hereunder.

"The amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents are entitled, shall not be admissible as evidence in any action brought to recover damages, but any amount collected by the employer under the provisions of this Section in excess of the amount paid by the employer, or for which he is liable, shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorney's fees when approved by the Commission: Provided, That no compromise settlement shall be made by the employer or insurance carrier in the exercise of such right of subrogation without the approval of the Industrial Commission being first had and obtained.

"When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer, and may enforce any such rights in its own name or in the name of the injured employee or his personal representative: Provided, however, Nothing herein shall be construed as conferring upon insurance carriers any other or further rights than those existing in the employer at the time of the injury to his employee, anything in the policy of insurance to the contrary notwithstanding."

■ As to motion of third party defendant for dismissal of the action first, as barred under the first paragraph of Section 11 of the Act by the award and payment of an award by the employer, Southern Ice Company, it is clear from the terms of the Act that no action could be brought against the Ice Company, and there is no demand by the plaintiff here for any further liability on the part of the Ice Company.

■ It will be noted that the Act further subrogates pro tanto. the employer, or where the employer is insured against liability for compensation, the insurance carrier, to any right to compensation against a third party, and authorizes such insurance carrier (in the present case the United States Casualty Company), the award having been paid by it, to enforce any such rights in its own name or in the name of the injured employee or his personal representative; and in behalf of the employee for any amount recovered in

such proceedings in excess of the award and "reasonable expenses and attorneys' fees when approved by the [South Carolina Industrial] Commission.". It is admitted here that the award was paid by United States Casualty Company, the insurer of the employer, Southern Ice Company, under the terms of the Act, and the complaint alleges that the action is brought for the benefit of the United States Casualty Company up to the amount so paid, and for over and above the amount so paid is brought for the benefit of the plaintiff herein and her children, beneficiaries of the deceased under the wrongful death statute of the State of South Carolina. While it is not strictly a compliance with the expressed language of the Act, it is so clearly an expression of intention to bring this proceeding under authority of the Workmen's Compensation Act, as expressed in Section 11, that it would be extremely technical to dismiss because of the failure more clearly so to state.

■ This provision in the South Carolina Act for right of subrogation and authority in the employer or the insurer to bring an action in his own name or in the name of the employee or personal representative, is identical with the provision of the Workmen's Compensation Act of the State of Virginia. In Smith v. Virginia Ry. & Power Co., 144 Va. 169, 131 S.E. 440, plaintiff employee, one Stratton, after the payment to him of an award by his employer under the Virginia Workmen's Compensation Act, brought his action against a third party, one Smith, who sought to have the plea dismissed on the ground that, having received the award, plaintiff was barred from further action. In reply to the motion to dismiss, plaintiff filed a replication alleging that the action was brought by the employer in the name of Stratton, under the provisions of the Workmen's Compensation Act (similar to those of the South Carolina Act) for the benefit of the employer to the extent of its right of subrogation and of the plaintiff for any excess thereof. The trial court thereupon refused to dismiss the suit and permitted the plaintiff to amend so as to allege that the action was brought under the right of subrogation provision, which is the same in both the Virginia and South Carolina Acts. The Supreme Court of Appeals held that the action was manifestly brought under the clearly expressed legislative intent and permission, upholding the action of the

trial court in granting the amendment, but stating that the same was unnecessary. This court is of the opinion that amendment is perhaps the better practice, and the plaintiff having so moved, it is

Ordered that the motion to amend be granted by striking Paragraph 13 of the complaint and alleging in lieu thereof that the action is brought by the said United States Casualty Company as such insurer, having paid the award in the name of the personal representative of the injured and deceased employee, in its own behalf to the extent of the award, and for the benefit of such persons as may be entitled thereto under the wrongful death statutes of the State of South Carolina as to any excess of said award which may be recovered. It is further

Ordered that the motion of the third party defendant to dismiss the action on the ground that it was not properly brought under the permissory provisions of the South Carolina Workmen's Compensation Act be and the same is hereby denied. It is further

■ Ordered that the motion of the third party defendant to dismiss as to it on the ground that it has fully discharged its liability to the plaintiff by causing the payment of the award under the South Carolina Workmen's Compensation Act, be and the same is hereby denied; the court being of the opinion that the circumstances of this case make peculiarly effective the provisions of Rule 14 of the Rules of Civil Procedure with relation to the bringing in as a third party defendant of one not a party to the action who is or may be liable to the original defendant for all or a part of the plaintiff's claim against him, under the allegation and admission here that at the time of the explosion and injury to plaintiff's intestate, the explosive content of the cylinder was not that contained therein at the time of the shipment of the cylinder by the original defendant, but contained hydrogen which had been placed therein by the third party defendant.

■ The plaintiff making no demand upon the third party defendant, it is not necessary that service of the amended complaint, which is hereby required to be served upon the defendant Armour & Company within five (5) days from the date of this order, be made upon the third party defendant.

Leave is hereby granted to the defendant to answer over within twenty (20) days of the service of the amended complaint, and to serve a copy of such substituted or amended answer, if this leave be resorted to, upon both the plaintiff and the third party defendant.